GEORGE E. HIBBARD *vs.* COUNTY OF SUFFOLK.

Suffolk.   December 14, 1894. — January 8, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Salary of Officer of County Jail — Power of Board of Aldermen of Boston — Approval of Mayor — Statute — Action.*

The power of the board of aldermen of the city of Boston as county commissioners to fix the salaries of the officers of the jail of the county of Suffolk is not taken away by St. 1885, c. 266.

*It seems,* that a regulation of the board of aldermen of the city of Boston as county commissioners, fixing the salaries of the officers of the jail of the county of Suffolk, need not be presented to the mayor for his approval, under St. 1885, c. 266, § 10.

Whether an action for salary due an officer of the jail of the county of Suffolk should not be brought against the city of Boston, instead of the county, *quære.*

CONTRACT, to recover $113.54, for salary as steward of the jail of Suffolk County. The case was submitted to the Superior Court, and, after judgment for the plaintiff for the amount claimed, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff is the steward of the jail of Suffolk County, holding that office and performing its duties before and ever since July, 1894, his salary prior to July 30, 1894, being $1,250 a year, the sum fixed by the revised regulations of the board of aldermen of Boston. On July 2, 1894, upon the petition of the sheriff of Suffolk County, presented December 18, 1893, the board of aldermen duly passed a regulation amending that above mentioned, intending thereby to increase the plaintiff's

salary to $1,350 per year. The regulation was laid before the mayor of Boston, who returned it to the board of aldermen without his approval, and with a statement of his objections, on July 9, 1894. On July 30, 1894, the board again duly passed, by the necessary two-thirds vote, the regulation vetoed by the mayor, and this regulation, if legal and valid, took effect not later than August 24, 1894. On September 20, 1894, as provided by an ordinance of the city, the sheriff of the county of Suffolk, who is the keeper of the jail, presented to the auditor of the city, who is also *ex officio* the auditor of the county, the pay roll of the officers of the jail for the preceding month, with a request for approval thereof, by which pay roll the plaintiff was certified as entitled to the sum of $113.54. The pay roll and requisition were in proper form, and the plaintiff was entitled to be allowed and paid $113.54 by the county at that time, if his salary had been legally increased to $1,350 per annum by the order and proceedings of the board of aldermen above referred to. The auditor refused to approve the pay roll or requisition. The city treasurer, who is also *ex officio* county treasurer, cannot pay any such claim against the county until it has been audited and allowed by the auditor, and, in consequence of this refusal of the auditor, the plaintiff has been unable to collect any portion of the salary due him for the month preceding September 20, 1894, and has been paid nothing therefor.

If, on these facts, the board of aldermen had the power to increase the plaintiff's salary by the regulation of July 30, 1894, and if it was legally fixed at $1,350 per annum by this regulation, judgment was to be entered for the plaintiff for $113.54; otherwise, for $106.14.

*T. M. Babson*, for the defendant.

*A. E. Pillsbury*, for the plaintiff.

FIELD, C. J. The only question argued in this case is whether, since the passage of St. 1885, c. 266, the board of aldermen of the city of Boston has the power to fix the salaries of the officers and assistants appointed by the sheriff and employed in the jail of Suffolk County.

It is conceded that up to the time St. 1885, c. 266, took effect, the board of aldermen had this power, and the contention of the defendant is that it was taken from the board by this statute.

See Pub. Sts. c. 22, §§ 1, 3, 6, 7, 20, 30, 31; c. 23, § 15; c. 220, §§ 26, 27, 72–75; St. 1854, c. 448, § 33; St. 1882, c. 164. The contention is that this power was vested in the mayor of the city of Boston by St. 1885, c. 266, § 6. The executive powers of the board of aldermen, as county commissioners or otherwise, are by this section vested in the mayor, " to be exercised through the several officers and boards of the city in their respective departments, under his general supervision and control. Such officers and boards shall, in their respective departments, make all necessary contracts for the employment of labor, the supply of materials, and the construction, alteration, and repair of all public works ·and buildings, and have the entire care, custody, and management of all public works, institutions, buildings, and other property, and the direction and control of all the executive and administrative business of said city." These officers and boards of the city are, with certain exceptions, to be appointed by the mayor, subject to confirmation by the board of aldermen, and the officers and boards appoint their " respective subordinates." St. 1885, c. 266, §§ 1–5. The sheriff of the county of Suffolk is not appointed by the mayor. Pub. Sts. c. 10, § 5. Art. XIX. of the Amendments to the Constitution. He is not an officer of the city of Boston, and is not subject to the supervision and control of the mayor. He has the " custody, rule, and charge of the jails," and, as keeper, appoints " all subordinate assistants, employees, and officers, for whom he shall be responsible." Pub. Sts. c. 220, § 23.

The establishing of fixed salaries for officers is not usually regarded as an executive power. The salaries of public officers are often fixed by the Legislature directly, but sometimes the power to fix them is delegated by the Legislature to the board or officer who appoints them, or to some other board or officer. It is in the nature of a legislative power. *Attorney General* v. *Boston,* 142 Mass. 200. *Rockwell* v. *Fillmore County,* 47 Minn. 219. *Ryan* v. *Outagamie Co.* 80 Wis. 336. *Clark* v. *State,* 142 N. Y. 101. The principal executive duties of county commissioners are " to provide for erecting and repairing courthouses, jails, and other necessary public buildings within and for the use of their county," and in the county of Suffolk the expenditures for these purposes are to be borne by the city of

Boston. Pub. Sts. c. 22, §§ 5, 6, 20. The words of St. 1885, c. 266, § 6, can be given effect if applied to these and similar duties. The prohibitions of § 12 of this statute are intended to relate substantially to the same class of powers as are vested in the mayor by § 6, and each section throws light on the other. The enumeration of powers is in many respects the same in both sections, and must be regarded as characterizing the kind of powers which are called executive, and which are vested in the mayor. The appointment by the sheriff of an officer of the jail is not the employment of labor, or the making of a contract, or the expenditure of public money by the city council or either branch thereof, or by the board of aldermen acting in any capacity. The sheriff is a public officer elected by the people of the county; he is given by the Legislature the custody, rule, and charge of the jail; and as keeper he appoints his subordinates employed in the jail, and is responsible for them. The county commissioners are the board to which is delegated the authority to fix the salaries of such subordinates, and the sheriff, or keeper, if he deems the salaries so fixed inadequate, may present his petition to the Superior Court and have them revised. In Suffolk County the property used for county purposes belongs to the city of Boston, and the city pays the charges; the board of aldermen of the city are the county commissioners; as such this board has not all the powers of the county commissioners of other counties, but it has some of them, and the distinction between the county of Suffolk and the city of Boston is maintained throughout the statutes. The mayor of the city had originally nothing to do with the powers of the board of aldermen as county commissioners. By St. 1885, c. 266, only the executive powers of the board of aldermen, when acting as county commissioners, are taken from the board and vested in the mayor; the other powers of the board as county commissioners do not seem to be affected thereby. There is nothing in this statute which seems designed to affect the appointment of officers of the jail or the fixing of their salaries. The power of fixing the salaries of these officers is distinct from any of the powers enumerated in either § 6 or § 12, and we think it is not a part of the executive or administrative business of the city as these words are used in these sections. We are of opinion

that this power cannot be considered as one of the executive powers of the board of aldermen as county commissioners, and that it has not been taken from the board by St. 1885, c. 266.

It is not absolutely necessary in this case to determine whether a resolution of the board of aldermen fixing the salaries of the officers of the jail should be presented to the mayor for his approval, under § 10 of this statute; still, the construction to be given to this section may have some bearing upon the construction to be given § 6. Section 10 relates to " all orders, resolutions, or votes of the board of aldermen of said city which involve the exercise of any of the powers conferred by law upon the mayor and aldermen, or the board of aldermen as a separate board." The power to fix the salaries of the officers of the jail is not a power conferred by law upon the mayor and aldermen of the city, or upon the board of aldermen as a separate board of the city council; it is a power conferred on the board of aldermen as county commissioners. The language of this section seems to have been carefully selected, and to have been purposely made different from that used in § 6 or § 12. In § 6 the language is, " All the executive powers now vested in the board of aldermen as such, as surveyors of highways, county commissioners, or otherwise," etc. In § 12, the language is, " Neither the city council nor either branch thereof, nor any member or committee thereof or of either branch thereof, nor the board of aldermen acting in any capacity in which said board may act separately under special powers conferred upon it, nor any member or committee of said board acting in any such capacity," etc. All these provisions show that the Legislature had in mind all the general and all the special powers of the board of aldermen acting in any capacity under the existing laws, and that it chose to provide that the executive powers of this board as county commissioners should be vested in the mayor, leaving untouched what may be called the judicial and legislative powers of the board as county commissioners. As the mayor had nothing to do with the exercise of these last named powers before St. 1885, c. 266, and as these powers were not vested in him by that statute, there seems to be no reason why the action of the board of aldermen as county commissioners in fixing the salaries of the officers of the jail should be presented to him for approval. The language of

§ 10 is satisfied by confining it to the action of the board of aldermen as a separate board or branch of the city council.

This action is against the county of Suffolk, but by the statutes the debt is the debt of the city of Boston. The obligation of the city to pay the salary of the plaintiff arises wholly from the statutes ; there is no actual contract made with him by either the county or the city. It may well be doubted whether the action should not have been brought against the city. The intimation in *Wheelock* v. *Auditor of Suffolk County,* 130 Mass. 486, is that such a suit as this should be brought against the city. This point, however, has not been taken by the county, and as the suit seems to have been brought to determine the powers of the board of aldermen, and to be otherwise a friendly suit, we do not determine it.					*Judgment affirmed.*