## WALTER O. FAULKNER & others vs. ROBERT S. SISSON & others.

Essex. May 23, 1903. — June 17, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, LORING, & BRALEY, JJ.

*Municipal Corporations. Lynn.*

Under St. 1900, c. 367, a deputy street commissioner of Lynn is a subordinate officer within the meaning of § 38 of that act.

Under St. 1900, c. 367, the city council of Lynn may fix by ordinance the salary of a deputy street commissioner appointed by the board of public works.

PETITION, filed February 5, 1903, under R. L. c. 25, § 100, by more than ten taxable inhabitants, to restrain the board of public works of the city of Lynn from employing Claude A. Magill as a deputy street commissioner at a compensation exceeding $100 a month, and to enjoin the treasurer of that city from-paying any person a greater compensation than $100 per month for services as deputy street commissioner.

In the Superior Court the case was heard by *Sheldon*, J., who at the request of the parties reported it upon the petition and answers for determination by this court, such decree to be entered as justice might require.

By the allegations of the petition as admitted by the answers, it appeared, that on February 11, 1902, the board of public works of the city of Lynn appointed Claude A. Magill at a salary of $100 per month, to work for the city as a subordinate in the street department, with the title of deputy street commissioner ; that on June 13, 1902, the board passed the following vote : " Voted that commencing with the next pay rolls, the compensation of the deputy street commissioner be one hundred and twenty-five dollars per month " ; that Magill continued in the employ of the city in that capacity up to the time of the filing of the petition ; that on January 13, 1903, the city council of Lynn passed the following ordinance : " An ordinance to fix the salary of the deputy street commissioner : Be it ordained by the city council of the city of Lynn : Section one. The salary of the deputy street commissioner, a subordinate in the employ of the board of public works, shall be twelve hundred dollars per annum. Section two. This ordinance shall take effect on its passage and is intended as an exercise of the right given to the city council by the charter of the city of Lynn, to enlarge, alter or diminish the powers of the board of public works by ordinance."

The material portions of the revised charter of the city of Lynn, St. 1900, c. 367, were set forth in the petition and are referred to by the court.

*H. T. Lummus*, for the petitioners.

*S. Parsons*, for the city of Lynn and Hartwell S. French.

*W. H. Niles*, for the board of public works and Claude A. Magill.

BRALEY, J. This is a petition brought under R. L. c. 25, § 100, by ten taxpayers of the city of Lynn, and the question raised is whether the city council has the right under the charter to reduce the salary or compensation of the deputy street commissioner as fixed by the board of public works. See St. 1900, c. 367, an act to revise the charter of the city of Lynn. While the powers and duties of the deputy street commissioner do not

appear to have been defined, it is evident from the title that he is not to be considered a mere laborer hired under the charter, but is to be deemed a subordinate officer within § 38.

The authority of the board of public works to employ such officers is given by this section, but is expressly made subject to an exception by the words, " except as is herein otherwise provided." And the restrictive force of these words becomes apparent by reference to § 34, ¶ XII. wherein it is provided that the city council, acting as a legislative body, " may by ordinance enlarge, alter or diminish the powers of said board."

It follows that the appointment or employment of such an officer includes the fixing of his compensation, whether designated as salary or wages, as well as the choice and naming of the appointee ; and each of these matters is equally placed within the general supervisory power of the city council.

It is plain that outside of administrative details necessarily connected with the department, the board of public works, which was given large powers, is made subject to the control of " a legislative body, to be called the city council," in whom also, under § 2, was vested the " general management and control of all the fiscal, prudential and municipal affairs " of the city. This power could be properly exercised by ordinance. And the purpose and intention of the ordinance upon which the petitioners rest their case is clear, and purports by its express provisions to be an exercise by the city council of the power conferred. *Hibbard* v. *Suffolk County*, 163 Mass. 34.

We are of opinion that after it was adopted the salary of the deputy street commissioner was $1,200 a year and no more.

*Decree for petitioners.*