SANFORD ALGER *vs.* JUSTICE OF THE DISTRICT COURT OF
BROCKTON.

ARTHUR J. BAGGE *vs.* SAME.

Plymouth.    May 18, 1933. — July 29, 1933.

Present: WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Civil Service.    Statute,* Repeal.    *Brockton.*

The provisions of the charter of the city of Brockton, St. 1881, c. 192,
§§ 12, 20, giving to the mayor and aldermen power to appoint police
officers and firemen, their compensation to be "fixed by concurrent
vote of the city council," clearly conveyed to the council legislative
power and contemplated legislative action.

The provisions of the civil service law, G. L. (Ter. Ed.) c. 31, §§ 42A,
42B, 43 and 45, specifying certain notices, statements, hearings and
reviews by district courts as conditions precedent to valid action affect-
ing the positions or compensation of individuals subject to the civil
service, were not inconsistent with and did not repeal by implication
the grant to the city council of Brockton, by St. 1881, c. 192, §§ 12, 20,
of the power to deal by ordinance with the matter of compensation in
the police and fire departments.

Such provisions of c. 31 were not applicable to action, taken by an ordi-
nance by the city council of Brockton in good faith, not for the purpose
of discriminating against any member of the police and fire departments
and not as a device to avoid the civil service laws, reducing by a stated
percentage all salaries in those departments; and the ordinance was
not rendered invalid by noncompliance with such provisions.

It *was stated* that such provisions of c. 31 are applicable to executive or
administrative action taken by appointing officials in the case of indi-
vidual civil servants.

Two PETITIONS for writs of certiorari, filed in the Supreme
Judicial Court for the county of Plymouth on March 13,
1933, and March 15, 1933, respectively, and described in the
opinion.

The petitions were heard together by *Pierce,* J., and were
ordered dismissed as a matter of law. The single justice
reported the cases for determination by the full court.

*E. J. Campbell & T. C. Crowther,* for the petitioners.

*T. W. Prince,* City Solicitor, for the respondent.

WAIT, J. These are petitions for writs of certiorari filed by a policeman and a fireman, both in the classified civil service of the city of Brockton, whose compensation has been reduced by an ordinance passed by the city council, which reduced by fifteen per cent all salaries throughout the police and fire departments of the city as fixed by previous ordinances. Petitions for review, pursuant to G. L. (Ter. Ed.) c. 31, §§ 42B, and 45, of the action reducing their compensation, filed in the District Court of Brockton, were dismissed by the respondent, a special justice of that court. The single justice of this court before whom the petitions for writs of certiorari came, ruled that the adoption of the ordinance was a legislative act of the city government of Brockton which was not subject to the provisions of the civil service laws. He ordered both petitions to be dismissed and reported the cases, consolidated for hearing, to the full court upon the pleadings and his rulings for consideration and determination.

The returns show that certain requirements of the civil service laws with regard to notices and hearings, if they are applicable, were not complied with, and were incompatible with action such as was taken in dealing with these wholesale reductions of compensation by ordinance. The trial judge in both cases found that the action of the mayor and city council in amending the existing ordinance was made in good faith, was not for the purpose of discriminating against any single member of the police or fire departments, and was not a device to prevent the operation of the civil service law. G. L. (Ter. Ed.) c. 31. He ruled that the question presented was the validity of the ordinance, and that neither petitioner had a right to such review on an appeal to the District Court.

The charter of the city of Brockton, St. 1881, c. 192, § 12, provided that the mayor and aldermen "have full and exclusive power to appoint . . . a city marshal and assistants . . . and all other police officers, any of whom the mayor may remove . . . . The compensation of the police and other subordinate officers shall be fixed by concurrent vote of the city council." Section 20 provided that: "The

city council may establish a fire department for said city, to consist of . . . [such persons] as the city council by ordinance shall from time to time prescribe . . . . The appointment of all the officers and members of such department shall be vested in the mayor and aldermen exclusively, who shall also have authority to remove from office any officer or member, for cause, in their discretion . . . . The compensation of the department shall be fixed by concurrent vote of the city council." These provisions clearly convey legislative power and contemplate legislative action. *Hibbard* v. *County of Suffolk*, 163 Mass. 34.

Subsequently, by laws relating to the civil and labor service of the Commonwealth, its cities and towns, designed to secure a service of persons freed from partisan political control, reasonably secure against arbitrary discharge, transfer, abolition of office and reduction of rank or compensation, the Legislature established checks upon action in appointment, discharge, transfer, abolition of office, reduction in rank and compensation, and gave rights in office and compensation with remedies to enforce them, now embodied in G. L. (Ter. Ed.) c. 31, the civil service law. These laws, among other things, provide for notices of proposed action, for rights to hearings, for statements of charges or of reasons for contemplated action, for appeals, and for reviews by courts which are made conditions of valid changes in position or compensation of individuals in the civil or labor service. In many respects they modify the broad authority implied in earlier grants of power conferred by charter provisions. *Logan* v. *Mayor & Aldermen of Lawrence*, 201 Mass. 506. *Cassidy* v. *Transit Department of Boston*, 251 Mass. 71. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. *Bois* v. *Mayor of Fall River*, 257 Mass. 471. Nowhere among them, however, will be found limitation by the action of executive, administrative or judicial officers upon legislative powers vested in city councils. The division of powers prescribed by art. 30 of our Declaration of Rights has been observed. Compare *Faulkner* v. *Sisson*, 183 Mass. 524.

The petitioners rely upon certain provisions of the civil service laws. G. L. (Ter. Ed.) c. 31, § 42A, secures to

"Every police officer holding an office classified under the civil service rules, in any city except Boston" that he shall not "be lowered in rank or compensation . . . except after a full hearing of which he shall have at least seventy-two hours' written notice, with a statement of the reasons for the contemplated . . . lowering in . . . compensation . . . and except upon a written order stating . . . the causes therefor made after a hearing as aforesaid and signed by the board or officer before whom the hearing is held. . . . Any hearing under this section shall, if the police officer so requests in writing, be public and shall be held before the officer or board having power of appointment and removal. . . . At any such hearing charges shall be made by the officer in command of the department or of the district where the police officer is on duty or [by someone designated by the official in charge of the department] . . . . Said police officer shall be notified in writing, within three days after the hearing, of the decision at such hearing. A copy of the reasons, notice and answers and of the order of . . . lowering in . . . compensation . . . shall be made a matter of public record." Section 42B provides for a review of the action of the board or officer reducing the compensation on petition in the District Court of the judicial district where the police officer resides, addressed to the judge of the court, who "shall review such action, hear any or all of the witnesses and determine whether or not upon all the evidence such action was justified. If the court finds that such action was justified, the decision at the hearing shall be affirmed; otherwise it shall be reversed and the petitioner shall be reinstated in his office without loss of compensation. The decision of the court shall be final and conclusive upon the parties."

In the case of a fireman holding office in the classified public service, G. L. (Ter. Ed.) c. 31, § 43, secures to him that he shall not be lowered in compensation "except for just cause, and for reasons specifically given him in writing within twenty-four hours after such . . . lowering in . . . compensation." "If within three days thereafter . . . [he] shall so request in writing, he shall be given a public hear-

ing in not less than three nor more than fourteen days after the filing of the request, by the officer or board whose action affected him . . . shall be allowed to answer the charges preferred against him . . . and shall be notified, in writing within three days after the hearing, of the decision of such officer or board. . . ." Section 45 gives him a review similar to that provided for by § 42B in which the court "shall review such action, hear the witnesses, and shall affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith, in which case said decision shall be reversed and the petitioner be reinstated in his office without loss of compensation. The decision of the court shall be final and conclusive upon the parties." Section 50 enacts that "Nothing in this chapter shall repeal, amend or affect any special provision of law relative to any city or town, or extend to any city or town any provision of law to which it is not now subject."

These provisions of law are manifestly applicable to executive or administrative action taken by appointing officials in the case of individual civil servants. They can readily be observed in such cases. They are equally manifestly inapplicable to action of a city council dealing by ordinance with the financial relations of a department with the budget of the city, and, under express authority from the Legislature, fixing compensation throughout that department. The provisions for review by a judge of the District Court must be confined to cases where judicial power is to be exerted. We cannot assume that the Legislature intended to require the judge to exercise a legislative power, and to submit to him the propriety of passing an ordinance. Compare *Boston* v. *Chelsea*, 212 Mass. 127.

We see here no legislative intent which should lead us to a conclusion that the later legislation has by implication repealed the earlier grant to the city council of power to deal by ordinance with compensation in the police and fire departments. Both can stand. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8.

In *Reynolds* v. *McDermott*, 264 Mass. 158, where a city

with authority by ordinance to abolish certain prior administrative conditions and to establish other arrangements, had, in substance, put an end to the petitioner's service without complying with requirements of the civil service laws, we held the petitioner unable to obtain reinstatement; and said: "The petitioner under the civil service law, G. L. c. 31, § 43, and under the regulations of the civil service commission, had no right to have his appointment continued at the expense of public welfare; nor under § 43 had he a right to a hearing before the ordinance could be legally adopted or to a review of the legality of the ordinance on an appeal before a district court." In that case, as in this, the ordinance was not a mere device to get rid of the petitioner. Certain notices given the petitioners in an effort to meet some of the requirements of G. L. (Ter. Ed.) c. 31, stated as the reason for the contemplated action the "necessity to effect economy in municipal expenditures." No question was made of the reality of this reason. We cannot think that the Legislature intended by civil service requirements to hamper municipal economy, and, in checking improper or unjust conduct toward persons in the classified service, to prevent a uniform reduction of compensation in a department by ordinance made necessary by financial stress. See *Whitney* v. *Judge of the District Court*, 271 Mass. 448.

*Orders dismissing petitions affirmed.*