FREDERICK T. OPENSHAW *vs.* CITY OF FALL RIVER.

Bristol.    March 10, 1933. — September 11, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Fall River.   Municipal Corporations,* Officers and agents.   *Civil Service. Words,* "Concurrent."

St. 1894, c. 351, establishing a board of police of the city of Fall River and vesting in the board the power to appoint, organize and control the police of that city, continued to be effective after the subsequent adoption by the city of the form of government designated as Plan D in G. L. c. 43, § 1.

The board of finance of Fall River, established by St. 1931, c. 44, notified the city council and the board of police that it would approve a budget for 1931 which provided for a reduction of twenty per cent in the salaries of all officers and employees of the city.  Thereafter the city council voted to adopt a budget based on such reduction, incorporating in its vote a schedule showing the reduced appropriations for each department, including the police, and also the notice from the board of finance.  Later in the same day the board of police voted that the pay of all police be reduced twenty per cent and that a copy of the vote be sent to the city council for concurrent action in accordance with St. 1894, c. 351.  Such a copy was not sent.  *Held*, that

(1) In the circumstances, the vote of the city council adopting the budget constituted a vote to reduce the pay of the police by twenty per cent;

(2) The city council and the board of police took "concurrent action" to reduce the pay of the police within the meaning of said c. 351;

(3) The circumstance, that the board of police did not send a copy of its vote to the city council, was immaterial;

(4) The action taken by the city council and the board of police was legislative in character, not executive nor administrative, and the requirements of the civil service law, G. L. (Ter. Ed.) c. 31, §§ 42A, 42B, were inapplicable;

(5) Such reduction in the pay of the police was validly effected.

CONTRACT.  Writ dated October 5, 1931.

The action was heard in the Superior Court by *Hanify*, J., without a jury, upon an agreed statement of facts.  Material facts and inferences drawn by the judge therefrom are stated in the opinion.  He ordered judgment entered for the defendant. . The plaintiff alleged exceptions.

*G. A. McLaughlin*, (*W. H. McLaughlin* with him,) for the plaintiff.

*E. T. Murphy*, City Solicitor, for the defendant.

DONAHUE, J.  The plaintiff, a police officer of the defendant city, beginning April 7, 1931, was paid twenty per cent less salary than he had received prior to that time.  He here brings suit to recover the amount of the reduction in salary between that date and the date of his writ, October 5, 1931.  The case was tried on an agreed statement of facts before a judge of the Superior Court sitting without jury, who filed findings of fact and found for the defendant.  The plaintiff excepted to certain inferences of fact made by the judge and to certain rulings made and to the refusal by the judge to make rulings requested by the plaintiff.

The city of Fall River in 1928 adopted the plan of government designated as Plan D in G. L. c. 43, § 1, and there described as "a city government and legislative body composed of a mayor and four councillors, and an administrative officer, called the city manager." It is provided in § 81 of that chapter that under Plan D "The government of the city and the general management and control of all its affairs shall be vested in a mayor and a city council . . . ." Two special acts of the Legislature applicable only to the city of Fall River to some extent limit and modify the application of § 81 so far as that city is concerned. The first of these, St. 1894, c. 351, established a board of police of the city of Fall River consisting of three members appointed by the Governor. It vested in the board the power to appoint, organize and control the police of that city. This was a grant of power by the Legislature to the board of police allotting to it powers generally vested in the elected government of a municipality. This statute has continued in full force and effect. Notwithstanding the adoption of the form of government called Plan D, the right and power to control the police of Fall River remained in the board. *Sullivan* v. *Lawson,* 267 Mass. 438, 441. Among other things the statute of 1894 provides that the pay of the police shall not be increased nor decreased "except by the concurrent action of said city and said board."

By an act passed in 1931 the Legislature established the Fall River board of finance consisting of three members appointed by the Governor (St. 1931, c. 44). To it was given control of the financial affairs of the city; "no appropriations shall be made, and no debt incurred, except with the approval or upon the recommendation or requisition of the board . . . . No department of said city . . . shall expend any money or incur any liability except with the written approval of the board . . ." (§ 8). The purpose of the act and the powers of the board of finance are discussed in *Broadhurst* v. *Fall River,* 278 Mass. 167, and *Paquette* v. *Fall River,* 278 Mass. 172.

The board of finance on April 1, 1931, sent to the city council a suggested budget for the city for the current fiscal

year which would "meet its approval," with a letter which stated that the budget therewith submitted provided a reduction of twenty per cent of all city officials' and employees' salaries for the balance of that year, and that the board of finance would not approve the payment of any salary which was not less by twenty per cent than the salary theretofore received. A communication of similar tenor was also sent to the board of police at some time prior to April 2. On April 2 the city council met and voted to adopt the budget as submitted by the board of finance, with the reductions of salary there requested. On the same date the board of police met and voted that the pay of all members of the police department affected by the order of the board of finance be reduced twenty per cent for the rest of the year and that a copy of the vote be transmitted to the city council for concurrent action in accordance with St. 1894, c. 351. It was also voted by the board of police that waivers of rights with respect to the reduction in pay be sent to each member of the department and that a hearing be granted to such members as did not sign a waiver. On the following day the plaintiff was given written notice by the board that it had found it necessary to reduce his pay twenty per cent because of lack of funds due to the reduction of the appropriation in the budget adopted by the city council and because of orders and directions of the board of finance. The letter also stated that he would be given a hearing on the contemplated reduction at a stated time and place. On April 6 the plaintiff in writing notified the board that he waived his rights with respect to the reduction of compensation. On April 7 the board of police passed a vote that: "the pay of the police be paid at a reduction of 20 per centum effective as of April 6, 1931." On August 20 the plaintiff wrote to the board of police stating that he withdrew his consent to the reduction in pay and giving as a reason that no action had been taken upon his consent by the board of police concurrently with the city council, and requesting a return of his written consent and waiver for the reason given.

The board of finance under the power granted to it by

the Legislature to withhold its approval of appropriations could limit the amount available to pay the wages or salaries of employees in every department of the city. It gave notice to the city council, and to the board of police as well, of its intention to exercise that power unless its views were adopted, to the end that the expense of conducting the government of the city might be lessened. By the statute creating it the board of finance was not itself empowered to make reductions in the pay of city officials and employees. The power to reduce the pay of police officers remained vested in the city council and board of police (St. 1894, c. 351, § 5; G. L. [Ter. Ed.] c. 43, § 81), which could exercise that power only by concurrent action. The main question here presented is whether concurrent action was taken by those two bodies which reduced the pay of police officers of the city.

"The word 'concurrent' . . . has different meanings dependent upon the connection in which it occurs and the end to be accomplished by its use." *Commonwealth* v. *Nickerson,* 236 Mass. 281, 288. The statute creating the board of police of Fall River (St. 1894, c. 351) gave the power to reduce the pay of police officers to a board created by the Legislature to appoint, organize and control the police of the city and to the city council. Only those two bodies could appropriate moneys to pay the salaries of the police. The statute provides that the "action" of the two bodies should be concurrent, not that their action should be expressed in a concurrent vote at a joint session. The form of their "action" is not prescribed by the statute but manifestly the two bodies must be in accord as to the fact that there should be a reduction in pay and as to its amount and must adequately express that accord. The reduction contemplated in the present case was not in the pay of one police officer or of a limited number of officers. A general uniform lowering of the level of pay of all police officers was intended. Action of the two bodies to produce such a result required the exercise of delegated powers which were legislative in character. *Alger* v. *Justice of the District Court,* 283 Mass. 596. Where power is reposed in

two legislative bodies there is a valid enactment of a law when one body, conscious that the other has taken action and intending to agree with it, expresses its approval. The present case is not one where two bodies unknowingly but simultaneously take the same action without either intending to approve what was done by the other. We think that, within the meaning of the statute, there was concurrent action in the exercise of the power, legislative in nature, to make a general salary reduction if either board or council approved and adopted what it knew to have been the action of the other.

The city council did not pass a formal separate vote to reduce the pay of police officers as distinguished from other officers or employees of the city. It did however by vote adopt a budget based on a reduction of twenty per cent of the salaries of all officers and employees of the city. It annexed to and incorporated in its vote a schedule showing the reduced appropriations of each department including the police and also the explanatory letter from the board of finance, from which it is manifest that the adoption of the budget was in effect a reduction of the pay of police officers so far as the city council was concerned. There was adequate expression of the intention of the city council that the salaries of the police should be reduced by twenty per cent. The board of police passed a formal vote of that purport. It also voted to send a copy of its vote to reduce police salaries to the city council for its concurrent action in accordance with the statute. We do not think this has material significance on the issues here presented. It in fact never sent such a copy to the council. The statute contains no requirement that a copy of a vote of one body be sent to the other. There is nothing to show that any such practice was generally followed. The failure to send to the council a copy of the vote is consistent with the board realizing after the vote was passed that it was not required to send a copy of its vote to the council.

The inference that the two bodies intended to take the concurrent action required by the statute was warranted. The board of finance at least as early as March 5 had recom-

mended a reduction in the salaries of all city employees. That board had formally notified the city council on April 1 and the board of police at some time prior to April 2 that it would approve no appropriation for any department after April 4 unless it was based on a twenty per cent reduction of the salaries of its employees. The matter of the annual budget was before the council. In this situation the board of police and the council met separately on the same day. Each body by vote adequately manifested the intention to reduce the salaries of the police twenty per cent. Each must be assumed to have known that such purpose would be effected only if the other acted and took the same action. We think the inference is reasonable that the council first took action. The notice sent by the clerk of the board of police to the plaintiff gave as one of the reasons for its vote, the reduction in the budget appropriation adopted by the city council. There is a presumption that the acts of public bodies are regular and lawful. *Bryant v. Pittsfield,* 199 Mass. 530, 532. *Whiting* v. *Malden & Melrose Railroad,* 202 Mass. 298, 307. *Talbot* v. *Registrars of Voters of Somerset,* 281 Mass. 284, 286.

The civil service statute (G. L. [Ter. Ed.] c. 31, § 42A) does not apply where by concurrent action the board of police and the city council have, in the interest of municipal economy, made a general uniform reduction of the pay of all policemen. That statute with its provision for review by a district court judge operates where executive or administrative power has been exercised. The action here taken was legislative in nature and not executive or administrative. *Alger* v. *Justice of the District Court,* 283 Mass. 596. *Hibbard* v. *County of Suffolk,* 163 Mass. 34, 36. It is therefore not material here to consider whether there was in fact a noncompliance with the civil service statute, nor to consider the effect of the written waiver of his rights by the plaintiff or of his subsequent endeavor to withdraw his consent and waiver.

What has been hereinbefore said makes it unnecessary to discuss the requests for rulings filed by the plaintiff. We find no error in the rulings made by the judge or in his finding for the defendant.

*Exceptions overruled.*