COMMISSIONER OF INSTITUTIONS OF THE CITY OF BOSTON *vs.* JUSTICE OF THE MUNICIPAL COURT OF THE ROXBURY DISTRICT.

Suffolk.   March 6, 1935. — April 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & QUA, JJ.

*Certiorari.   Civil Service.   District Court,* Review of removal under civil service.

Upon a petition for a writ of certiorari to quash the decision made by a judge of a district court upon a petition for review under G. L. (Ter. Ed.) c. 31, § 45, the return made by the judge was conclusive as to matters of fact.

After a judge of a district court upon a petition under G. L. (Ter. Ed.) c. 31, § 45, for review of action removing the petitioner from his position in the classified civil service, had rendered a decision reversing such action and ordering the petitioner's reinstatement, it was too late for the respondent for the first time to seek abatement or dismissal of the petition on the ground that at the time of the hearing thereof he had ceased to hold the office held by him when he took such action and therefore was unable to comply with any order which might be made by the judge; and there was no error of law in a refusal by the judge to abate or dismiss the petition on that ground.

Where a judge of a district court hearing a petition under G. L. (Ter. Ed.) c. 31, § 45, to review action removing an employee from his position

in the classified civil service renders a decision reversing such action, it is within the jurisdiction given him by the statute to order the employee's reinstatement.

Where a judge of a district court hearing a petition under G. L. (Ter. Ed.) c. 31, § 45, to review action removing an employee from his position in the classified civil service decided, solely upon a reëxamination of the evidence submitted at the hearing by the official whose action was under review and upon the testimony of witnesses who had previously testified before that official, that a reasonable person in the position of that official exercising a rational judgment could not come to the conclusion that proper cause for the petitioner's removal in fact existed, it could not be said that the judge misunderstood the nature of his duty under the statute or that he went beyond his proper function, which was to "review" the action of the official rather than to hear the case as if the issues were before him in the first instance.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on April 17, 1934, and afterwards amended, described in the opinion.

The petition was heard by *Donahue, J.*, and was ordered dismissed. The petitioner alleged an exception.

*H. M. Pakulski*, Assistant Corporation Counsel, for the petitioner.

*F. H. Stevens*, (*J. T. Fahey* with him,) for the respondent.

QUA, J. This is a petition for writ of certiorari prosecuted by Frederic A. Washburn as the present commissioner of institutions of the city of Boston to quash a finding of a judge of the Municipal Court of the Roxbury District entered on a petition brought in that court by Oscar C. Martin for review under G. L. (Ter. Ed.) c. 31, § 45, of the action of James E. Maguire, who, on December 14, 1933, as the then commissioner of institutions of the city of Boston, had purported to remove Martin from his position as engineer on the steamer "Stephen J. O'Meara." The single justice of this court ordered the petition for the writ of certiorari to be dismissed.

From the return of the judge of the Municipal Court it appears that after notice to Maguire there was a hearing at which Maguire was represented by counsel from the legal department of the city and that on March 14, 1934, the judge filed a finding that Martin's discharge was made without proper cause and ordered that the commissioner's

decision be reversed and that Martin be reinstated. Thereafter, on March 19, Maguire filed in the Municipal Court a paper entitled "Plea in Abatement and Motion to Dismiss," wherein he stated that the court had no jurisdiction "because the defendant at the time of the hearing upon the merits thereof was not the commissioner of institutions of the city of Boston" and was therefore unable to comply with any order which might be made. The judge "Denied" this plea and motion.

There was no error of law in the denial of the plea and motion. The present petitioner asserts in his petition filed in this court that Maguire ceased to be commissioner of institutions on January 29, 1934. This was after the notice to him and before the hearing in the Municipal Court. But there is nothing in the return which shows that the judge of the Municipal Court found this was the fact, and we are bound by the return as to all matters of fact. *Westport* v. *County Commissioners*, 246 Mass. 556, 562. *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 480. Furthermore, the return does show that the paper called a plea and motion was not filed until five days after the decision of the court, which decision the statute says "shall be final and conclusive upon the parties." It was then too late in any event for the court to take further action on pleas or motions in that proceeding. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. We cannot decide on this petition for a writ of certiorari what effect, if any, the coming into office of a new incumbent in place of the officer who had made the removal would have upon a pending petition for reinstatement under this statute. On the petition now before us we can deal only with errors of law apparent on the record of the proceeding in the Municipal Court. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 546. There was no error of law in denying abatement or dismissal of a proceeding which had already reached final judgment in due course before the grounds for abatement or dismissal had been called to the attention of the court. As to the effect of the coming in of a new holder of the office and the distinction which has some-

times been drawn where there is a continuing duty on the part of the municipality irrespective of the incumbent, see *Knights* v. *Treasurer & Receiver General,* 236 Mass. 336, 339, and cases cited.

The reviewing judge did not exceed the jurisdiction conferred upon him by the statute by including in his decision an order for Martin's reinstatement.   It is the intent of the statute to give to the district courts full power to deal with the situation created by a removal made without proper cause or in bad faith, by restoring the petitioner to the office from which he has been wrongfully removed. He is not compelled to resort to mandamus for full redress, and indeed in the absence of peculiar circumstances will not be allowed to do so when the statutory procedure in the district court is open to him.   *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116, 120.   *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199.   *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 593.

We discover nothing in the return which indicates that the judge misunderstood the nature of his duty under the statute or that he went beyond his proper function, which was to "review" the action of the commissioner rather than to try the case as if the issues were before him in the first instance.   He says that the basis of his decision was that the hearing before him did not constitute a retrial, but was a review, that upon reëxamination of the evidence submitted at the hearing before the commissioner and upon the testimony of witnesses who had previously testified before the commissioner, and upon that alone, he found the evidence inadequate and insufficient to justify the conclusion reached by the commissioner, and that the removal was made for reasons which were insufficient, trivial, frivolous and irrelevant and was not based upon the exercise by the commissioner of a reasonable judgment.   Of course this does not mean that the judge ruled that securing the safety of life or property would not be a proper cause.   It does not even mean that any of the so called "reasons" stated in the notice of removal given by Maguire to Martin is, taken by itself, necessarily and as matter of law insuf-

ficient as a statement of proper cause. It means only that, with the evidence before him and in the light of that evidence, a reasonable person in the position of the commissioner exercising a rational judgment could not come to the conclusion that proper cause in fact existed. The judge performed the duty laid upon him in accordance with the construction of the statute by this court in *Murray* v. *Justices of the Municipal Court*, 233 Mass. 186, 189. See also *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 546–548, and *Mayor of Medford* v. *Judge of the District Court*, 249 Mass. 465, 471.

*Exceptions overruled.*