FRED J. WHALEN *vs.* FIRST DISTRICT COURT OF EASTERN MIDDLESEX.

SAME *vs.* CITY OF MALDEN.

Middlesex. January 6, 1936. — September 9, 1936.

Present: RUGG, C.J., CROSBY, LUMMUS, & QUA, JJ.

*Civil Service. District Court*, Review of action with respect to civil service. *Jurisdiction. Municipal Corporations*, Officers and agents. *Malden.*

A uniform reduction in pay of all firemen by the fire commissioner of a city, made within his powers and in good faith for the sake of economy and not aimed at particular persons, was valid though the firemen were in the classified civil service, and was not subject to review by the district court under G. L. (Ter. Ed.) c. 31, § 45.

The power given to the fire commissioner of the city of Malden by Sts. 1892, c. 182, § 1; 1908, c. 93, § 3, to appoint members of the fire department included as an incident thereto authority to determine their compensation.

An order, dated January 6, reducing the salaries of the firemen of a city for the year took effect from the beginning of the year, not from January 6.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Middlesex on May 31, 1934. Also an action of

CONTRACT. Writ in the First District Court of Eastern Middlesex dated May 11, 1934.

The petition was heard by *Field*, J., and was ordered dismissed. The petitioner alleged exceptions.

The action was heard by *Flynn*, J., who found for the defendant. A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

*G. A. McLaughlin*, (*W. H. McLaughlin* with him,) for Whalen.

*B. Kaplan*, for the respondent and the defendant.

RUGG, C.J. These two proceedings, instituted by the same person, were argued before this court at the same time. Both relate to a reduction made in January, 1934, in the salary of Fred J. Whalen, who is conceded to be a fireman in the classified service of the city of Malden, and who has capably performed his duties as such. The first is a petition for a writ of certiorari. Thereby it is sought to quash the record of the respondent, a special justice of a district court,\* for alleged errors of law in his decision of a petition for review of such reduction in salary brought pursuant to the civil service law. G. L. (Ter. Ed.) c. 31, §§ 43, 45. The second is an action of contract to recover from the defendant city the amount of such reduction in salary.

The petition for a writ of certiorari was heard upon the petition and the return of the respondent. The single justice entered an order that the petition be dismissed, but not as a matter of discretion. The exceptions of the petitioner to this order bring the case here. The function of a writ of certiorari in a case like the present is to annul proceedings of the respondent provided they show on their face a defect in law so substantial as to require the issuance of the writ in order to prevent a material wrong. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 458–459. The respondent's return is decisive and binding as to all matters of fact. *Westport* v. *County Commissioners*, 246 Mass. 556, 562. *Selectmen of Wakefield* v. *Judge of the First District Court of Eastern Middlesex*, 262 Mass. 477, 480. *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 490. *Commissioner of Institutions of Boston* v. *Justice of the Municipal Court of the Roxbury District*, 290 Mass. 460, 462.

The return of the respondent shows the essential facts to be these: In the year 1934, the mayor of Malden notified the fire commissioner of that city that it would be necessary

---

\* No question appears to have been raised as to the propriety of the "special justice" being made respondent. See *Walsh* v. *District Court of Springfield*, decided June 29, 1937. — REPORTER.

to reduce the salary expenses of the fire department ten per cent for the purpose of carrying out economy measures, and directed him either (1) to secure a voluntary relinquishment of that percentage from all men in the department, or (2) to reduce the salaries that amount. The fire commissioner, failing to secure voluntary action to that end, reduced by ten per cent the salaries of all men in the department. The salary of the petitioner in common with those of all other members of the department was reduced accordingly by the fire commissioner. Seasonable notice was given of this reduction. The petitioner requested a public hearing before the fire commissioner, who after such hearing sustained and affirmed his previous action in reducing the annual salary for reasons of economy. Thereupon the petitioner brought a petition in the First District Court of Eastern Middlesex praying for a review of the action of the fire commissioner. A hearing was held on that petition before the respondent. He filed a comprehensive decision covering in some detail questions of fact and law, and concluded by affirming the action of the fire commissioner and dismissing the petition. Among other findings was one that there was no bad faith on the part of the fire commissioner on any of the grounds alleged. This is supported by subsidiary facts narrated in his decision. It there is stated in substance that the petitioner does not contend that the fire commissioner was guilty of bad faith in the ordinary sense, was actuated by any improper motive, or had animus against any of the firemen whose pay was cut. He was acting in conformity to the request of the chief executive of the city, he was aware of the general economic conditions, and, while he regretted the necessity, he agreed with the economic policy of reducing municipal expenses. This finding must be accepted as true. *Commissioner of Public Works of Quincy* v. *Judge of the District Court of East Norfolk,* 258 Mass. 444, 445. *Murray* v. *Justices of the Municipal Court of Boston,* 233 Mass. 186, 189. *McCabe* v. *Judge of the District Court of Lowell,* 277 Mass. 55, 57.

It is plain from the record that the reduction in the salary of the petitioner was a part of a uniform scheme affecting

alike the salaries of all members of the fire department and was also connected with a general program dealing with some other municipal departments. It was not made for the purpose of discriminating against the petitioner or any other member of the fire department, and was not a device to interfere with or prevent the operation of the civil service law. In these circumstances, the provisions of the civil service law as to review of the action of municipal officers are not applicable. The reason is that the decision of such a general question of policy is legislative or executive and not judicial in nature and therefore cannot be reviewed by the court. That has been adjudicated. *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596. *Selectmen of Milton* v. *Justice of the District Court of East Norfolk*, 286 Mass. 1. *Openshaw* v. *Fall River*, 287 Mass. 426. The governing principles are discussed at large in each of these cases. In view of these recent decisions, with which we remain satisfied, it would be vain to go over the same ground again. See *Hibbard* v. *County of Suffolk*, 163 Mass. 34. In those decisions the distinction is pointed out between proceedings under the civil service law affecting one or few employees, which involve *quasi* judicial functions, and questions of general policy of municipal administration, which do not involve those functions but involve rather those legislative or executive in nature. There is nothing inconsistent with these decisions in *Mayor of Somerville* v. *Justices of the Police Court of Somerville*, 220 Mass. 393, or in *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493. The order of the single justice dismissing the petition for certiorari was right.

The action of contract was submitted upon a statement of agreed facts and certain other evidence. An important question in this case is whether the fire commissioner of the defendant city was vested by law with power to fix the compensation of the plaintiff as a fireman. The charter of the defendant city, St. 1881, c. 169, § 16, conferred upon the city council power to establish a fire department with such officers and men as it should prescribe, to define their duties, to make regulations concerning its conduct and

government and to fix the compensation of the members of the department. The provisions of said § 16 were repealed by St. 1892, c. 182, § 2. By its § 1 a board of fire commissioners was created and its powers were further described as follows: "Said board shall establish a fire department for said city, to consist of such officers and members as said board shall from time to time determine. Said board shall appoint said officers and members and may remove any officer or member in their discretion. Said board shall fix the time of appointment and term of service of said officers and members, shall define their respective duties, and in general may make such rules and regulations as are or may be authorized by the laws pertaining to fire departments, concerning the conduct of said officers and members and the government of said department . . . . Said board shall have and exercise all other powers which have been conferred by law upon the city council or the mayor and aldermen, or which may hereafter be so conferred, in respect to the powers and duties of fire departments and the rules and regulations pertaining to fire departments. . . . Said board shall not incur or authorize any expenditures without a previous appropriation therefor by the city council. The compensation of the fire commissioners shall be fixed from time to time by the city council. . . ." A single fire commissioner was substituted for the board of three fire commissioners by St. 1908, c. 93. Its § 3 is in these words: "The fire commissioner appointed in accordance with the provisions of this act shall be the lawful successor of the present fire commission of said city, and shall have all the powers and privileges conferred, and be subject to the duties and obligations imposed, by chapter one hundred and eighty-two of the acts of the year eighteen hundred and ninety-two, and acts in amendment thereof and in addition thereto." The fixing of salaries of municipal officers in appropriate instances may be delegated to the appointing board or officer. *Hibbard* v. *County of Suffolk*, 163 Mass. 34, 36. *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577. The power conferred upon the city council of the defendant city by St. 1881, c. 169, § 16,

to determine the compensation of members of the fire department, was expressly repealed by St. 1892, c. 182, § 2. It cannot be inferred that such power was intended to be continued after the repeal. The power to appoint the members of the fire department is expressly conferred upon the fire commissioner. In these circumstances, authority to determine the compensation of the members of the fire department follows as an incident of the power to appoint. The "appointment or employment of such an officer includes the fixing of his compensation, whether designated as salary or wages, as well as the choice and naming of the appointee." *Faulkner* v. *Sisson*, 183 Mass. 524, 526. *Smith* v. *Lowell*, 190 Mass. 332, 333.

The action of the fire commissioner in all the circumstances shows that the reduction of salary of the plaintiff was to be for the year 1934. Although the notice of reduction was dated January 6, it states that the annual salary for the year has been decreased. The reduction began with the year and not on the date of the letter.

One of the agreed facts is that the material action of the fire commissioner was taken in good faith. Therefore the decrease of salary was made honestly as a part of a general scheme for municipal economy and not as a disguise for violation of the civil service laws.

The other contentions of the plaintiff are not tenable. They are all met by the recent decisions already cited. *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596. *Selectmen of Milton* v. *Justice of the District Court of East Norfolk*, 286 Mass. 1. *Openshaw* v. *Fall River*, 287 Mass. 426.

What has been said disposes of all the arguments presented in behalf of the petitioner and of the plaintiff. No further discussion is required. His requests for rulings need not be examined in detail.

> *In the petition for a writ of certiorari, the exceptions are overruled.*
>
> *In the action of contract, the order of the Appellate Division dismissing the report is affirmed.*