JOHN J. CRONIN & others *vs.* FIRE COMMISSIONER OF MALDEN & others.

Middlesex. December 6, 1962. — January 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Municipal Corporations,* Officers and agents, Employees, Fire department. *Malden.*

Authority to determine vacation schedules for members of the fire department of Malden is vested in the fire commissioner of that city under St. 1892, c. 182, § 1; St. 1908, c. 93, § 3, so that a general ordinance adopted by the city council under G. L. c. 40, § 21A, establishing vacations of the city employees was "repugnant to the [city] charter" within § 21A and inapplicable to members of the fire department.

BILL IN EQUITY filed in the Superior Court on May 31, 1961.

The suit was heard by *Paquet,* J.

*Cornelius R. Rosdahl,* City Solicitor, for the defendants.
*Charles S. McLaughlin* for the plaintiffs.

SPIEGEL, J. This is a bill in equity in which the plaintiffs, members of the fire department of the city of Malden with more than ten years of service, seek a declaration that the fire commissioner of the city of Malden, and not the city council, has the authority to determine vacation schedules

for members of the fire department. The defendants, the city council and the city of Malden, have appealed from a decree entered by the trial judge declaring that the fire commissioner's authority "includes the setting of duty schedules and the establishment of paid vacations for members of the fire department," that the vacation schedules established by him were "a reasonable exercise of his powers," and that the ordinance in question is legally inapplicable to members of the fire department. The evidence is reported.

The pertinent "Findings" and "Rulings" of the judge are herewith summarized. The city of Malden received its original charter in St. 1881, c. 169, and § 16 thereof granted the city council the authority to establish a fire department including the power "to make such regulation concerning the pay, conduct and government of such department . . . as they may deem expedient." The provisions of § 16 were repealed by St. 1892, c. 182, which created a board of fire commissioners and granted that board the power (1) to establish a fire department to consist of such officers and members as they shall determine; (2) to appoint and remove any officer or member; (3) to fix the time of appointment and the terms of service of the officers or members and define their respective duties; (4) to make such rules and regulations as are or may be authorized by the laws pertaining to fire departments concerning the conduct of the officers and members and the government of the department; and (5) to *have and exercise all other powers which have been conferred by law upon the city council . . .* or which may hereafter be so conferred, in respect to the powers and duties of fire departments and the rules and regulations pertaining to fire departments" (emphasis added). These powers and privileges were subsequently transferred to a single fire commissioner, St. 1908, c. 93, § 3, thereby placing with him the responsibility for the operation of the fire department. Under this authority the commissioner, for many years prior to 1961, made rules and regulations which provided for four weeks of paid vacation, per annum, for firemen with more than ten years' service.

On November 22, 1960, the city council of Malden passed an ordinance, effective January 1, 1961, establishing the annual paid vacation of the city employees. One effect of this ordinance was to reduce the paid annual vacation of firemen with more than ten years' service from four weeks to three weeks. The city council purported to be acting pursuant to G. L. c. 40, § 21A, which reads in part: "A town by by-law and a city by ordinance, unless repugnant to the charter of such city, may establish the hours, days and weeks of work and the hours, days and weeks of leave without loss of pay, including, without limiting the generality of the foregoing, holiday leave, vacation leave and sick leave, for any or all employees of such town or city other than those appointed by the school committee . . . ."

The plaintiffs contend that the ordinance passed pursuant to the above statute is "repugnant to the charter" of the city of Malden because the charter, as amended, must be interpreted as giving the fire commissioner the authority to determine the vacation period for firemen. The precise legal issue in this suit is whether there is such repugnancy between the ordinance and the charter.

The plenary nature of the authority now vested in the fire commissioner of Malden was indicated by this court in *Whalen* v. *First Dist. Court of E. Middlesex,* 295 Mass. 305, 309–310, wherein it was held that: "The power conferred upon the city council of the defendant city by St. 1881, c. 169, § 16, to determine the compensation of members of the fire department, was expressly repealed by St. 1892, c. 182, § 2. It cannot be inferred that such power was intended to be continued after the repeal. The power to appoint the members of the fire department is expressly conferred upon the fire commissioner. In these circumstances, authority to determine the compensation of the members of the fire department follows as an incident of the power to appoint." If the authority to determine compensation is an incident of the power to appoint, then it seems logical that the authority to determine vacation periods is also incidental to the power to appoint. The authority to fix com-

pensation was expressly withdrawn from the fire commissioner by St. 1957, c. 354. However, no such withdrawal by the Legislature was made with respect to the authority to schedule vacations. Unlike St. 1957, c. 354, which expressly changed the language of the city charter, G. L. c. 40, § 21A, includes the proviso ''unless repugnant to the charter of such city.''

The commissioner, who is the individual responsible for maintaining the efficiency of the department and who has the measure of authority hereinabove indicated, should be held to possess the right to schedule and establish vacation periods. We are of opinion that the ordinance which purports to take that power away from the commissioner is repugnant to the city charter.

*Decree affirmed.*