## COMMONWEALTH *vs.* WILLIAM F. DAVIS.

Suffolk.    Nov. 23, 1885. — Jan. 8, 1886.    DEVENS & GARDNER, JJ.,
absent.

An ordinance of the city of Boston, providing that no person shall, except by permission of the committee of the city council having charge of the public grounds, deliver a sermon, lecture, address, or discourse on the Common, or other public grounds, is reasonable and valid.

At the trial of a complaint for the violation of an ordinance of a city, which is a reënactment of a similar ordinance, evidence that the previous ordinance had been repeatedly violated and disregarded is immaterial and inadmissible.

The provision of the Pub. Sts. *c.* 27, § 21, requiring the by-laws of towns, after approval by the Superior Court, or a justice thereof, to be recorded in the office of the clerk of that court, does not, by force of the Pub. Sts. *c.* 28, § 2, apply to the ordinances of the city of Boston.

The provision of the Revised Ordinances of the city of Boston, that they "shall be published two weeks successively in three daily newspapers published in the city," is directory, and a compliance with it is not a condition precedent to the validity of an ordinance, especially if the ordinance is a reënactment or continuation of a similar ordinance which was duly published.

COMPLAINT for delivering a sermon, lecture, address, and discourse on Boston Common, on May 17, 1885, without permission of the committee of the city council of Boston having charge of the public grounds, in violation of *c.* 37, § 11, of the Revised Ordinances of the city. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. F. Pickering*, for the defendant.

*E. J. Sherman*, Attorney General, & *H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J.    By the city charter of Boston, the city government has the "power to make all such needful and salutary by-laws or ordinances, not inconsistent with the laws of this.

Commonwealth, as towns by the laws of this Commonwealth have power to make and establish, and to annex penalties not exceeding fifty dollars for the breach thereof, which by-laws and ordinances shall take effect and be in force from and after the time therein respectively limited, without the sanction or confirmation of any court or other authority whatsoever." St. 1854, c. 448, § 35.

In pursuance of this power, the city government duly passed the ordinance under which this complaint is brought, which is as follows: " No person shall, except by the permission of the said committee, deliver a sermon, lecture, address, or discourse on the Common or other public grounds." Rev. Ord. c. 37, § 11. This ordinance is not inconsistent with any law of the Commonwealth, and we see no ground for holding it to be unreasonable and invalid. Its purpose is to preserve the public peace, and to protect the public grounds from injury, and it is calculated to effect these ends, without violating the just rights of any citizen.

The defendant's contention that this ordinance has become obsolete, because the same or a similar ordinance enacted in 1862 has not been enforced, and has been repeatedly violated, cannot be sustained. A statute or ordinance remains in force until it is repealed. The ordinance under which the defendant was convicted was reënacted in 1882; and the evidence offered to show that the ordinance of 1862 had been disregarded or disused was immaterial, and rightly rejected.

The defendant contends that this ordinance is invalid, because it has not been recorded in the office of the clerk of the Superior Court for the county of Suffolk, under the Pub. Sts. c. 27, § 21. But the provision requiring a record in the clerk's office applies only to the by-laws of towns, which are required to be approved by the Superior Court, or a justice thereof. The provisions of the Pub. Sts. c. 27, apply to cities only " so far as they are not inconsistent with the general or special provisions relating thereto." Pub. Sts. c. 28, § 2.

As we have before seen, section 35 of the charter of Boston provides that the " ordinances shall take effect and be in force from and after the time therein respectively limited, without the sanction or confirmation of any court or other authority

whatsoever." The provisions of the Pub. Sts. *c.* 27, § 21, are inconsistent with this special provision, and therefore that section has no application to the ordinances of the city of Boston.

The defendant also contends that this ordinance is invalid, because it has not been "published two weeks successively in three daily newspapers published in the city," as required by the ordinances. There are two answers to this contention. The Revised Ordinances require such publication, but there is no provision that the ordinance shall not take effect until such publication. The provision requiring publication is directory; it contemplates a publication after the ordinance is enacted, and a compliance with it is not a condition precedent to the validity of the ordinance.

But, if this were otherwise, it appears that the ordinance under which the defendant was convicted is a reënactment or continuation of an ordinance in substantially the same terms, passed in 1870, which was duly published. The Revised Ordinances provide that, " so far as their provisions are the same in effect as those of previously existing ordinances, they shall be construed as continuations of those ordinances." Rev. Ord. *c.* 1, § 3.

It would seem that the ordinance did not require a new publication of those old ordinances which are merely compiled and continued in the Revised Ordinances.

It follows that none of the exceptions taken at the trial can be sustained. *Exceptions overruled.*