## COMMONWEALTH *vs.* JOSEPH LAGORIO.

Suffolk. January 29. — 30, 1886. HOLMES & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 214, § 25, a formal defect apparent on the face of a complaint cannot be taken for the first time in the Superior Court, on appeal.

It is no defence to a complaint for the violation of a municipal regulation, prohibiting any person from allowing his vehicle to stop in a street for a longer time than twenty minutes, that the defendant had a license as a hawker and pedler from the Commonwealth, under the Pub. Sts. *c.* 68, §§ 4–6.

The provision of the Pub. Sts. *c.* 27, § 21, requiring the by-laws of towns to be approved by the Superior Court, or a justice thereof, does not apply to the regulations of the board of aldermen of the city of Boston.

COMPLAINT to the Municipal Court of the city of Boston, alleging that the defendant, on April 25, 1885, at Boston, " was the person then and there having the care and ordering of a certain vehicle, to wit, a wagon, and did then and there, without having any license, authority, or appointment, according to law, so to do, suffer said vehicle to stop in a certain public street situate within said city and district, and called Haymarket Square, for a longer time than twenty minutes, against the peace of said Commonwealth, the form of the statute of said Commonwealth, and the revised standing regulations of the board of aldermen of said city, in such case made and provided."

In the Superior Court, the defendant moved to quash the complaint, for the following reasons: " 1. Said complaint charges no offence known to the law, is deficient in form and description, and is vague and uncertain. 2. Said complaint does not allege and set forth that said defendant was not, at the time of the alleged commission of said offence, a city officer at a public building, nor that he was not a physician visiting the sick, nor that he was not a market-man, or provision-man, standing at a place assigned to him by the board of aldermen for the sale of provisions. 3. Because said complaint is a criminal prosecution, and the offence therein charged is not set forth fully, plainly, substantially, and formally, and with sufficient clearness to enable the defendant to prepare his defence and answer." *Blodgett*, J., overruled the motion; and the defendant excepted.

At the trial, evidence was offered by the government tending to prove that, on the afternoon of the day alleged in the

complaint, the defendant stood with his wagon in Haymarket Square, one of the public streets of said city, from six o'clock until twenty-five minutes past six o'clock, and was engaged during this time in selling fruit; that during said twenty-five minutes his wagon did not prevent or obstruct the free use of the street by others; and that no person complained, neither did the defendant do, or cause to be done, any other act than that named in said complaint.

The defendant offered evidence tending to prove that he was a duly licensed hawker and pedler, under the provisions of the Pub. Sts. c. 68, §§ 4–6; that he had first procured the required certificate from the mayor of the city of Boston, and duly sworn to the same, and paid into the city treasury the sum of $25; and that, immediately thereafter, he was received and registered at the office of the board of health of said city as a duly licensed hawker and pedler, and as such was assigned a number, as required by an ordinance of said city and the rules of said office.

The defendant requested the judge to rule that said license was, in effect and intent, the license of said city, and authorized him to use, occupy, and stop in the street, in the pursuit of his business, a reasonable and convenient time, provided that, in so doing, he did not obstruct the highway, or in any manner interfere with the free use of the same by other persons; and that, by reason of said license and permit, the defendant had the same rights and privileges to stand in the streets as are granted hacks, express wagons, and other vehicles or carriages, under license granted them by said city authority, and, in addition thereto, to move from place to place, and from street to street, selling and exposing for sale his wares.

The judge declined so to rule, but ruled that said license did not authorize or permit the defendant to suffer his wagon to stop for more than twenty minutes at one time in a street of said city.

The defendant further requested the judge to instruct the jury, that said license and certificate, so offered in evidence, constituted a full and complete answer and justification of the act named in the complaint; and that, upon said evidence, the jury would be warranted in acquitting the defendant.

The judge declined so to rule, but instructed the jury that said license and certificate did not constitute a defence to the complaint.

The defendant requested the judge to rule that the Pub. Sts. *c.* 27, § 21, applied to the regulations of the board of aldermen of the city of Boston; and offered to show that the regulation in question had never been approved by the Superior Court, or by a justice thereof; but the judge declined so to rule, and excluded the evidence.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. J. Jones & G. W. Searle*, for the defendant.

*E. J. Sherman*, Attorney General, *& H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. 1. The motion to quash was rightly overruled, for two reasons; it was made too late, and the complaint is sufficient. *Commonwealth* v. *Rowe, ante*, 79. 2. The license of the defendant as a hawker and pedler did not authorize him to violate a lawful police regulation of the city of Boston. *Commonwealth* v. *Fenton*, 139 Mass. 195. 3. It is not necessary that the regulation upon which the complaint is founded should be approved by the Superior Court, or a justice thereof. The Pub. Sts. *c.* 27, § 21, do not apply to the ordinances or regulations of the board of aldermen of the city of Boston. *Commonwealth* v. *Davis*, 140 Mass. 485. *Exceptions overruled.*