## STATE *v.* WHITE.

## STATE *v.* PRIEST.

To a complaint upon Gen. Laws, c. 269, s. 5, for beating a drum within the compact part of a town without the command of a military officer, it is no defence to show that the act was done in the performance of religious worship in accordance with a sense of religious duty, and that no actual disturbance of the public peace or the religious worship of others resulted from it.

The statute prohibiting the beating of a drum in the compact part of a town (G. L., c. 269, s. 5) does not infringe the right of religious worship secured by the fifth article of the Bill of Rights.

COMPLAINTS, upon Gen. Laws, c. 269. s. 5, for beating a drum within the compact part of the town of Somersworth, not by command of a military officer having authority therefor.   The respondents admitted doing the acts charged, and offered to prove that they were done in accordance with their sense of religious duty, and in worshipping God according to the dictates of their own consciences, and that they were not disturbing the public peace or the religious worship of others.   The court ruled that the evidence offered did not constitute a defence, and the respondents excepted.

W. R. Burleigh, solicitor, and G. E. Beacham, for the state.

W. S. Pierce, for the respondents.

CLARK, J.   The statute upon which the complaints are founded is as follows: "No person shall, within the compact part of any town, fire or discharge any cannon, gun, pistol, or other fire-arms, or beat any drum, except by command of a military officer having authority therefor, or fire or discharge any rockets, squibs, crackers, or any preparation of gunpowder, except by permission of a majority of the police officers or selectmen in writing, or make any bonfire, or improperly use or expose any friction matches, or knowingly raise or repeat any false cry of fire." G. L., c. 269, s. 5. This statute, like sections 7, 10. and 14 of the same chapter, against obstructing streets and sidewalks, and prohibiting fast driving in any street within the compact part of a town, is designed for the security of the public convenience, safety, and tranquillity. As it would be no defence to a complaint for a violation of the statute against incumbering streets, or for fast driving, to show that there was nobody else in the street at the time, and therefore no actual danger of obstruction or collision, so it would be no defence to show that no actual disturbance of the peace or of the religious worship of others resulted from the violation of the statute by the respondents.   The act complained of being expressly prohibited by the statute for the prevention of disturbance of the public peace and tranquillity, an actual disturbance is not necessary to complete the offence.   State v. Cate, 58 N. H. 240.   To constitute the offence charged, no other intent or consequence is required than the intentional doing of the act which the statute forbids.   1 Bishop Cr. Law 428.   Nor is it a legal justification that the act was done in the performance of religious services in accordance with the religious belief of the respondents.   To recognize such a defence would be to make the professed religious belief and practices of the respondents superior to the statute. Reynolds v. United States, 98 U. S. 145.

It is contended that the statute is in conflict with the fifth article of the Bill of Rights, and that it is an unauthorized invasion of the rights of conscience and religious freedom secured by the constitution. Article V declares that "Every individual has a natural and unalienable right to worship God according to the dictates of his own conscience and reason; and no subject shall be hurt, molested, or restrained, in his person, liberty, or estate, for worshipping God in the manner and season most agreeable to the dictates of his own conscience, or for his religious profession, sentiments, or persuasion, provided he doth not disturb the public peace or disturb others in their religious worship." By this provision unlimited freedom of conscience and religious belief and profession is secured to every person, but it affords no justification for acts or practices in religious services which disturb the public peace, or disturb others in their religious worship; and a statute prohibiting acts having a tendency to endanger the public peace, or to distract the attention and interrupt the quiet of others, is not in conflict with this constitutional provision, although the prohibited acts may form a part of the services of religious worship. Religious liberty, as recognized and secured by the constitution, does not mean a license to engage in acts having a tendency to disturb the public peace under the form of religious worship, nor does it include the right to disregard those regulations which the legislature have deemed reasonably necessary for the security of public order. A reasonable measure of prevention to avoid disturbance is not an infringement of constitutional rights.

The police power of the state extends to the protection of the lives, health, comfort, and quiet of all persons, and the protection of all property, within the state; and persons and property are subjected to such restraints and burdens as are reasonably necessary to secure the general comfort, health, and prosperity. In the exercise of this power to secure public order and tranquillity, and as a reasonable measure of prevention to avoid disturbances of the peace, the legislature enacted section 5 of chapter 269, Gen. Laws. It forbids doing the acts enumerated in it only within the compact part of a town. It is not an absolute prohibition, but a reasonable restraint calculated to preserve the public peace without infringing upon the rights of any citizen. The state has authority to make regulations as to the time, mode, and circumstances under which parties shall assert, enjoy, or exercise their rights without coming in conflict with any of those constitutional principles which are established for the protection of private rights and private property. Cooley Const. Lim. 596; *Com.* v. *Davis,* 140 Mass. 485; *State* v. *Freeman,* 38 N. H. 426.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.