JOHN J. FORBES *vs.* CITY OF WOBURN.

Middlesex.    October 4, 1939. --- May 28, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Woburn. Municipal Corporations,* By-laws and ordinances.

Approval by the Attorney General and publication or delivery are not conditions precedent to the taking effect of an ordinance of the city of Woburn because G. L. (Ter. Ed.) c. 40, § 32, in the amended form appearing in St. 1933, c. 185, is made inapplicable to that city by the provisions of its charter found in St. 1897, c. 172, §§ 18, 25.

CONTRACT. Writ in the Superior Court dated December 15, 1938.

The action was heard by *F. T. Hammond,* J.

*W. F. Coles,* for the plaintiff.

*J. Gorrasi,* City Solicitor, for the defendant.

LUMMUS, J. In June, 1921, an ordinance of Woburn was enacted, creating the office of inspector of wires and gas, and entrusting the determination of the salary to the superintendent of public works. See G. L. (Ter. Ed.) c. 166, § 32. The plaintiff was appointed, and ultimately his annual salary was fixed at $800. By ordinance in April, 1931, the annual salary was raised to $3,000. Up to the end of June, 1938, the plaintiff was paid at that rate. After that date he received nothing, because the appropriation for the year 1938 was exhausted. But that fact affords the city no excuse for nonpayment, the position being within the classified civil service. *Barnard* v. *Lynn,* 295 Mass. 144. *Fortin* v. *Chicopee,* 301 Mass. 447, 448. On December 15, 1938, the plaintiff brought this action to recover the unpaid

salary subsequent to June, 1938.   There was a finding for the defendant.   The plaintiff's exceptions bring the case here.

The only defence is that neither the ordinance of 1921 nor that of 1931 was approved or published as required by G. L. (Ter. Ed.) c. 40, § 32, or by the amendment to that statute made by St. 1933, c. 185.   The judge found that none of the requirements of those statutes were met.   If compliance with those statutes was essential to the validity of an ordinance, then the plaintiff's salary was never lawfully established, for it could have been established only by ordinance.   St. 1897, c. 172, § 20, as amended by Spec. St. 1917, c. 182.   *Fortin* v. *Chicopee*, 301 Mass. 447, 449. *Goss* v. *District Court of Holyoke*, 302 Mass. 148.   We assume without deciding that unless a salary was validly attached to his office, the plaintiff can recover nothing for his services. *Riopel* v. *Worcester*, 213 Mass. 15.   *McHenry* v. *Lawrence*, 295 Mass. 119.   The decisive question is, whether G. L. (Ter. Ed.) c. 40, § 32, and St. 1933, c. 185, apply to cities in general and in particular to the city of Woburn.   Upon that question we are asked to reconsider *Fortin* v. *Chicopee*, 301 Mass. 447.

By Rev. Sts. (1836) c. 15, §§ 13, 15, the formal requisites for the validity of town by-laws were (a) that they be approved by the court of common pleas for the county, and (b) that they be published in one or more newspapers printed in the county.   No time was prescribed for publication, and the language could be read as directory rather than as laying down a condition of validity.   See *Commonwealth* v. *Davis*, 140 Mass. 485.   Approval or refusal to approve could not be brought to this court for review. *Weymouth, petitioners*, 2 Cush. 335.   The court of common pleas or a justice thereof in vacation became the approving authority by St. 1855, c. 222, the Superior Court or a justice thereof in vacation became the authority by St. 1859, c. 196, §§ 3, 15, 55, and Gen. Sts. (1860) c. 18, § 14, and the Attorney General succeeded to the function by St. 1904, c. 344.   See also St. 1905, c. 144; *West Springfield* v. *Mayo*, 265 Mass. 41.   Delivering a copy of the by-

law at every occupied dwelling or apartment was made an alternative to publication by St. 1919, c. 275. Approval and publication were clearly made conditions precedent to the taking effect of a by-law by R. L. (1902) c. 25, § 26. The amendment made by St. 1933, c. 185, allowed publication in a town bulletin or pamphlet copies of which are posted in public places, instead of either publishing in a newspaper or delivery at every occupied dwelling or apartment. Before that amendment the law in force in 1921 and 1931 was found in G. L. c. 40, § 32. It required, "before a by-law takes effect," approval by the Attorney General, and either publication in a newspaper or delivery at every occupied dwelling or apartment.

By Rev. Sts. (1836) c. 2, § 6, Seventeenth, "The word 'town' may be construed to include all cities and districts, unless such construction would be repugnant to the provision of any act, specially relating to such cities or districts." That provision can be traced into G. L. (Ter. Ed.) c. 4, § 7, Thirty-fourth, which reads: " 'Town,' when applied to towns or officers or employees thereof, shall include city." G. L. (Ter. Ed.) c. 4, § 7, Twenty-second, originating in Gen. Sts. (1860) c. 3, § 7, Twenty-first, provides: " 'Ordinance,' as applied to cities, shall be synonymous with by-law." In the earlier history of cities in this Commonwealth, the word by-law was often used to designate enactments by cities that are now usually called ordinances. By Gen. Sts. (1860) c. 19, § 2, "chapter eighteen and all other laws relating to towns, shall apply to cities so far as they are not inconsistent with the general or special provisions relating thereto." That section is now substantially included in G. L. (Ter. Ed.) c. 40, § 1. *Furlong* v. *Ayers*, 305 Mass. 455. *Commonwealth* v. *Kimball*, 299 Mass. 353, 356. We see no reason to doubt the correctness of the proposition upon which *Fortin* v. *Chicopee*, 301 Mass. 447, was said to rest, namely, that in the absence of controlling statutory provisions the requirements of G. L. (Ter. Ed.) c. 40, § 32, and St. 1933, c. 185, apply to cities as well as towns, and the question is whether any controlling statutory provision exists that makes those statutes inapplicable to cities in general

or to a particular city. Various statutes enacted after cities were chartered in Massachusetts imply that proposition pretty clearly. St. 1847, c. 166; but see St. 1847, c. 262. St. 1855, c. 222. St. 1857, c. 82. It underlies also the opinion of the Attorney General in 1923, found in 7 Op. A. G. 235. The many charter provisions cited later in this opinion, making some parts of G. L. (Ter. Ed.) c. 40, § 32, inapplicable to particular cities, assume the same underlying proposition.

The correctness of that proposition had little practical importance during the early history of cities in Massachusetts. The first city to be chartered was Boston. Both its early charters provided that its by-laws or ordinances "shall take effect and be in force from and after the time therein respectively limited, without the sanction or confirmation of any court, or other authority whatsoever." St. 1821, c. 110, § 15. St. 1854, c. 448, § 35. An ordinance might be made to take effect upon its passage. In such a case approval or publication, which could hardly take place until the form of the ordinance had been finally determined by its passage, could not be a condition precedent to its validity. Accordingly the charter provision was held to dispense with approval and publication. *Commonwealth* v. *Davis*, 140 Mass. 485. *Commonwealth* v. *Lagorio*, 141 Mass. 81. *Commonwealth* v. *McCafferty*, 145 Mass. 384. With the single exception of the Taunton charter of 1864, every city charter granted before or in 1873 contained substantially the words just quoted from the charters of Boston.[1]

A veto power over ordinances requiring concurrent action

---

[1] St. 1836, c. 42, § 20 (Salem). St. 1836, c. 128, § 8 (Lowell). St. 1846, c. 95, § 21 (Roxbury). St. 1846, c. 109, § 16 (Cambridge). St. 1847, c. 29, § 20 (Charlestown). St. 1847, c. 60, § 21 (New Bedford). St. 1848, c. 32, § 20; St. 1866, c. 199, § 35 (Worcester). St. 1849, c. 89, § 19; St. 1850, c. 184, § 20 (Lynn). St. 1851, c. 296, § 21 (Newburyport). St. 1852, c. 94, § 15 (Springfield). St. 1853, c. 70, § 21 (Lawrence). St. 1854, c. 257, § 21; St. 1869, c. 245, § 43 (Fall River). St. 1857, c. 18, § 21 (Chelsea). St. 1867, c. 251, § 24; St. 1869, c. 61, § 25 (Haverhill). St. 1871, c. 182, § 23 (Somerville). St. 1872, c. 81, § 24 (Fitchburg). St. 1873, c. 154, § 25 (Holyoke). St. 1873, c. 246, § 25 (Gloucester). St. 1873, c. 326, § 25 (Newton). The charter of Taunton dispensed with approval, said nothing about publication, and contained a veto provision of the sort discussed later in this opinion. St. 1864, c. 209, § 19. The citation of a city charter does not indicate that it was ever accepted by the voters or ever went into effect, nor does it indicate that the city mentioned therein still exists as a city.

by the board of aldermen and the common council was given by St. 1873, c. 139, § 1, to the mayor of every city accepting the act. The statute provided that if the ordinance should not be returned by the mayor with his written objections within ten days, the ordinance "shall be in force." If he should so return it, and it should again be approved by a two-thirds vote, "it shall be in force." By St. 1876, c. 193, this was extended to all cities, and a mayor was no longer allowed to vote at a meeting of the aldermen, as had been allowed by some charters. The act of 1876 is in substance the present G. L. (Ter. Ed.) c. 39, § 4. Impliedly those statutes dispensed with approval and publication of ordinances that were subject to veto, for there would be no time for approval and publication as conditions of the taking effect of an ordinance if it was to "be in force" immediately upon the lapse of ten days or the taking of a certain vote. See *Quinn* v. *Cambridge,* 187 Mass. 507, 508. That was the position taken by the Attorney General in 1923 as to a similar statute. 7 Op. A. G. 235. The charter of Woburn contains a like provision for veto of any ordinance adopted by the city council, a single chamber. St. 1897, c. 172, § 25. The charter of Chicopee contains a like provision for veto of any ordinance adopted by the board of aldermen, also a single chamber (St. 1897, c. 239, § 27), but neither the existence nor the effect of such a provision was called to the attention of the court in *Fortin* v. *Chicopee,* 301 Mass. 447.

The provisions of G. L. (Ter. Ed.) c. 39, § 4, have no application to ordinances adopted by a single chamber.[1] Moreover, some charters have contained an express provision that the mayor shall have no veto power.[2] Others have express provisions for veto by the mayor, some of which apparently cover much the same ground as the

---

[1] Many charters vest the power to enact ordinances in a single chamber. The earliest one appears to be St. 1884, c. 309, § 2 (Waltham). The more recent charters commonly provide for a unicameral legislative body in cities. See the charters cited *post,* notes 5, 6. All five of the short forms of city charters offered by G. L. (Ter. Ed.) c. 43, as now amended, do so.

[2] St. 1908, c. 574, § 27 (Haverhill). St. 1908, c. 611, § 14 (Gloucester). St. 1911, c. 680, Part I, § 32 (Chelsea). G. L. (Ter. Ed.) c. 43, § 74 (Plan C); § 87 (Plan D); § 100 as inserted by St. 1938, c. 378, § 15 (Plan E).

statute,[1] while others extend to ordinances enacted by a
single chamber.[2] Whether special charter provisions super-
sede similar provisions of the statute apparently has not
been decided. *Galligan* v. *Leonard*, 204 Mass. 202, 203,
204. It may be that the fact that G. L. (Ter. Ed.) c. 39,
§ 4, does not apply to all ordinances has kept alive from
1873 to the present time the practice of inserting in city
charters various provisions tending to dispense with the
approval and publication of ordinances.

Some charters later than 1873 followed the original
Boston form.[3] A few expressly eliminated both approval
and publication.[4] Many contented themselves with dis-
pensing completely or partially with the approval of any
court, justice or other authority.[5] Some contained express
provisions as to the time when ordinances should take
effect, and some of these were inconsistent with any idea

---

[1] St. 1877, c. 146, §§ 2, 29 (Springfield). St. 1881, c. 169, § 11 (Malden).
St. 1881, c. 192, § 11 (Brockton). St. 1882, c. 211, § 22 (Taunton). St. 1883,
c. 250, § 12 (Northampton). St. 1885, c. 266, § 9 (Boston). St. 1890, c. 320,
§ 9 (Marlborough). St. 1891, c. 364, § 11 (Cambridge). St. 1892, c. 324,
§ 56 (Medford). St. 1892, c. 355, § 54 (Everett). St. 1893, c. 444, § 31
(Worcester). St. 1894, c. 161, § 48 (Beverly). St. 1896, c. 379, § 60 (Marl-
borough). St. 1911, c. 732, Part I, § 9 (Pittsfield).

[2] St. 1884, c. 309, § 12 (Waltham). St. 1888, c. 347, § 17 (Quincy). St.
1895, c. 148, § 27 (North Adams). St. 1896, c. 438, § 24 (Holyoke). St.
1897, c. 172, § 25 (Woburn). St. 1897, c. 239, § 27 (Chicopee). St. 1897,
c. 283, § 12 (Newton). St. 1898, c. 302, § 17 (Gloucester). St. 1899, c. 162,
§ 14 (Melrose). St. 1899, c. 240, § 16 (Somerville). St. 1900, c. 323, § 17
(Gloucester). St. 1900, c. 427, § 18 (Northampton). St. 1901, c. 438, § 16
(Haverhill). St. 1902, c. 393, § 13 (Fall River). St. 1903, c. 345, § 52 (Med-
ford). St. 1904, c. 389, § 33 (Pittsfield). St. 1906, c. 409, §§ 17, 18 (West-
field). St. 1909, c. 486, §§ 2, 4 (Boston; absolute veto). St. 1910, c. 542, § 18
(Beverly). St. 1910, c. 602, Part II, § 37 (Lynn). St. 1911, c. 732, Part II,
§ 9 (Pittsfield). St. 1914, c. 680, § 15 (Attleboro). St. 1914, c. 687, § 16
(Revere). Spec. St. 1916, c. 300, § 9 (Peabody). Spec. St. 1917, c. 289, § 9
(Methuen: see *Attorney General* v. *Methuen*, 236 Mass. 564). Spec. St. 1917,
c. 340, § 31 (Lynn). St. 1920, c. 294, § 23 (Westfield). St. 1921, c. 119, § 30
(Gardner). St. 1921, c. 383, § 43, Part 5 (Lowell). St. 1932, c. 280, § 23
(Pittsfield). G. L. (Ter. Ed.) c. 43, § 55 (Plan A); § 63 (Plan B).

[3] St. 1875, c. 173, § 23 (Lowell). St. 1901, c. 438, § 44 (Haverhill). St.
1911, c. 621, Part I, § 30 (Lawrence).

[4] St. 1908, c. 574, § 30 (Haverhill). St. 1908, c. 611, § 17 (Gloucester).
St. 1911, c. 645, § 29 (Lowell). St. 1911, c. 732, Part III, § 18 (Pittsfield).

[5] St. 1877, c. 146, § 28 (Springfield). St. 1884, c. 182, § 3 (Malden). St.
1884, c. 309, § 32 (Waltham). St. 1888, c. 347, § 18 (Quincy). St. 1888,
c. 374, § 17 (Woburn). St. 1888, c. 439, § 19 (Lawrence). St. 1889, c. 411,
§ 18 (Pittsfield). St. 1890, c. 320, § 18 (Marlborough). St. 1891, c. 364,
§ 15 (Cambridge). St. 1892, c. 323, § 21 (Lowell). St. 1892, c. 324, § 21
(Medford). St. 1892, c. 355, § 22 (Everett). St. 1893, c. 361, § 23 (Wal-
tham). St. 1893, c. 378, § 21 (Lynn). St. 1893, c. 429, § 21 (Lowell). St.
1893, c. 444, § 19 (Worcester). St. 1894, c. 247, § 22 (Lynn). St. 1894,
c. 325, § 25 (Chelsea). St. 1895, c. 148, § 17 (North Adams). St. 1895,

of approval or publication.[1]   Others contained no suggestion that G. L. (Ter. Ed.) c. 39, § 4, could be applicable.[2] A number contained special provisions for publication,[3] and these have developed into a general provision for publication applicable to the five short forms of charters offered to cities by G. L. (Ter. Ed.) c. 43, as now amended.   That general provision (G. L. [Ter Ed.] c. 43, § 23) does not make publication a condition precedent to validity, and could hardly do so consistently with the provisions for veto contained in §§ 55 and 63.   See 7 Op. A. G. 235.   It is to such provisions for publication that G. L. (Ter. Ed.) c. 40, § 32A, applies.

---

c. 302, § 18 (Pittsfield).   St. 1895, c. 326, § 20 (Lawrence).   St. 1896, c. 379, § 21 (Marlborough).   St. 1896, c. 438, § 17 (Holyoke).   St. 1896, c. 441, § 17 (Gloucester).   St. 1897, c. 172, § 18 (Woburn).   St. 1897, c. 239, § 19 (Chicopee).   St. 1897, c. 283, § 14 (V) (Newton).   St. 1898, c. 302, § 18 (Gloucester). St. 1899, c. 162, § 21 (Melrose).   St. 1899, c. 240, § 17 (4) (Somerville).   St. 1900, c. 323, § 18 (Gloucester).   St. 1900, c. 367, § 21 (Lynn).   St. 1900, c. 427, § 16 (Northampton). St. 1902, c. 393, § 15, Fourth (Fall River). St. 1903, c. 345, § 20 (Medford).   St. 1904, c. 389, § 25 (Pittsfield).   St. 1906, c. 409, § 24 (Westfield).   St. 1910, c. 542, § 16 (Beverly).   St. 1910, c. 602, Part II, § 30 (Lynn).   St. 1911, c. 732, Part I, § 18;   Part II, § 15 (Pittsfield; "without the sanction of any court or justice thereof or of the attorney-general"). St. 1914, c. 680, § 21 (Attleboro).   St. 1932, c. 280, § 34 (Pittsfield).

[1] St. 1881, c. 192, § 27 (Brockton).   St. 1893, c. 378, § 21 (Lynn).   St. 1894, c. 247, § 22 (Lynn).   St. 1895, c. 326, § 20 (Lawrence).   St. 1896, c. 379, § 21 (Marlborough).   St. 1900, c. 367, § 21 (Lynn).   St. 1903, c. 345, § 20 (Medford).   St. 1904, c. 389, § 25 (Pittsfield).   St. 1908, c. 574, §§ 28, 29 (Haverhill).   St. 1908, c. 611, § 15 (Gloucester).   St. 1909, c. 448, § 22 (Taunton). St. 1910, c. 602, Part II, § 30 (Lynn).   St. 1911, c. 621, Part I, § 48 (Lawrence).   St. 1911, c. 680, Part I, § 29 (Chelsea).   St. 1911, c. 732, Part III, § 17 (Pittsfield).   St. 1912, c. 559, Part II, § 31 (Salem).   Spec. St. 1916, c. 371, Part I, § 34 (Springfield).

[2] St. 1881, c. 169, § 28 (Malden; but there was a veto provision, § 11). St. 1882, c. 211, § 22 (Taunton; but the section contained a veto provision). St. 1885, c. 269, § 21 (Fall River).   St. 1909, c. 448, § 22 (Taunton; but the section fixed the time of taking effect).   St. 1911, c. 531, §§ 16–19 (Cambridge).   St. 1912, c. 559, Part I, § 30 (Salem; but there was a veto provision, § 29).   St. 1912, c. 559, Part II, §§ 27–31 (Salem; but the sections fixed the time of taking effect).

[3] St. 1881, c. 229, § 3 (Boston).   St. 1891, c. 364, § 15 (Cambridge).   St. 1892, c. 324, § 21 (Medford).   St. 1892, c. 355, § 22 (Everett).   St. 1893, c. 378, § 21 (Lynn).   St. 1893, c. 444, § 19 (Worcester).   St. 1893, c. 361, § 23 (Waltham).   St. 1894, c. 161, § 20 (Beverly).   St. 1894, c. 247, § 22 (Lynn).   St. 1895, c. 326, § 20 (Lawrence).   St. 1896, c. 379, § 21 (Marlborough).   St. 1900, c. 367, § 21 (Lynn).   St. 1903, c. 345, § 20 (Medford). St. 1910, c. 542, § 16 (Beverly).   St. 1910, c. 602, Part II, § 30 (Lynn).   St. 1911, c. 732, Part III, § 17 (Pittsfield).   St. 1911, c. 621, Part I, § 43 (Lawrence).   St. 1911, c. 531, §§ 17, 18 (Cambridge).   St. 1911, c. 680, Part I, § 29 (Chelsea).   St. 1912, c. 559, Part II, § 28 (Salem).   Spec. St. 1915, c. 338, § 22 (Leominster).   Spec. St. 1916, c. 300, § 28 (Peabody).   Spec. St. 1916, c. 371, Part II, § 36 (Springfield).   Spec. St. 1917, c. 289, § 28 (Methuen). Spec. St. 1917, c. 340, § 37 (Lynn).   St. 1920, c. 294, § 22 (Westfield).   St. 1921, c. 119, § 29 (Gardner).   St. 1925, c. 50, § 29 (Framingham).

This review of legislation shows that it is impossible, without examining every city charter, to be sure that there is no city to which G. L. (Ter. Ed.) c. 40, § 32, and St. 1933, c. 185, are applicable. For the purposes of the present case it is enough that the charter of Woburn (St. 1897, c. 172, §§ 18, 25) makes them inapplicable to that city. The ordinances in question were valid though not approved by the Attorney General nor published. The same situation existed in the city of Chicopee. But the decision in *Fortin* v. *Chicopee*, 301 Mass. 447, was right, although a wrong reason was given. The budget appropriation bill in that case, making inadequate appropriation for the salaries of the plaintiff and other firemen, was not in any sense an ordinance fixing the compensation of members of the fire department as required by the city charter.

The ruling that G. L. (Ter. Ed.) c. 40, § 32, and St. 1933, c. 185, were applicable to the ordinances in question was erroneous. The exceptions to that ruling must be sustained. The findings show that judgment ought to be entered for the plaintiff for the amount of the declaration, with interest. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*