## THE BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY

*vs.*

## THE COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY.

*County Boards of Education: annual budget to County Commissioners; items objected to; requirement mandatory.*

By Chap. 506 of the Acts of 1916, repealing and amending Art. 77 of the Code relating to public education, the itemized and detailed school budget, which the County Board of Education is required to submit to the County Commissioners, should contain more details than merely the totals of the different items in the budget.                                    p. 666

But where the County Commissioners declined to sanction the amount asked for by the board, in excess of 40 cents on each $100 of assessable property in the county, the ministerial duty is imposed upon them to indicate in writing what items of the budget were denied, in whole or in part, and their reason for such denial, and such requirement is not directory only.
                                                                p. 668

*Decided December 13th, 1917.*

Appeal from the Circuit Court for Prince George's County. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Ogle Marbury, Assistant Attorney-General,* for the Board of Education of Prince George's County.

*Albert C. Ritchie, Attorney-General,* by leave of Court, for the State Board of Education.

*M. Hampton Magruder* and *S. Marvin Peach,* for the County Commissioners of Prince George's County.

THOMAS, J., delivered the opinion of the Court.

By Chapter 506 of the Acts of 1916 the General Assembly of Maryland repealed and re-enacted with amendments many of the sections of the Public General* Laws relating to Public Education and enacted a number of additional sections, such legislation, according to the title of the Act, "being designed to harmonize the existing laws relating to Public Education; to provide for and distribute in a more systematic and equitable manner public school funds, and to provide for a more thorough and efficient system of administration and supervision of public education in the State of Maryland."

By section 26, the Act provides:

> "The county board of education, each year, beginning with the year 1916, shall prepare, subject to the rules and regulations of the State Board of Education and on and with the advice of the county superintendent, an itemized and detailed school budget, showing the amount of money needed for permanent improvements and repairs, and for current repairs, furniture for old buildings, maintenance and support of the schools during the succeeding school year, also the estimated total amount that will be received from the State, which shall be used for paying teachers' salaries and purchasing text-books, materials of instruction and school supplies; and finally the amount that will be needed to be raised by local taxation. This annual school budget shall be submitted in writing, not less than twenty days before the usual date for levying county taxes, to the board of county commissioners; at the same time a copy of this annual budget shall

---

*Code, Art. 77.

also be submitted to the board of county commissioners and to the state superintendent of schools. The board of county commissioners are hereby authorized, empowered, directed and required to levy and collect such tax upon the assessable property of the county as will produce the amount requested to be raised by local taxation in the annual budget of the county board of education. The amount requested in the annual budget of the county board of education for current repairs, furniture in old buildings, maintenance and support of schools, for the succeeding school year, and to be raised by local taxation shall not hereafter in any year be less than a minimum tax, levied and collected, of 34 cents on each one hundred dollars ($100.) of the assessable property of the County. Provided, that if in any county the tax levied and collected for the school year ending July thirty-first, 1916, for current repairs, furniture in old buildings, maintenance and support of the schools, was less than 34 cents on each one hundred dollars ($100.) of assessable property in the county, such county shall only be required to increase its total tax for the schools annually by 2 cents on each one hundred dollars ($100.) of the assessable property in the county, until the tax levied and collected for current repairs, furniture in old buildings, maintenance and support in any one school year, shall equal a maximum tax levied and collected of 34 cents on each one hundred dollars ($100.) of the assessable property of the county. Provided, further, that the total amount requested for any one school year by a county board of education for permanent improvements and repairs, current repairs, furniture in· old buildings, maintenance and support of the schools shall not exceed a tax levied and collected of 40 cents on each one hundred dollars ($100.) of the assessable property in the county, unless the board of county commissioners shall approve and sanction such additional tax. Provided also that if the total amount· requested for any one school year by the county board

of education to be raised by local taxation exceeds a tax, levied and collected of 40 cents'on each one hundred dollars ($100.) of the assessable property in the county, and such additional tax is not approved and sanctioned by the board of county commissioners, the county commissioners shall indicate in writing what item or items of the annual budget of the county board of education have been denied in whole or in part, and the reason for the denial in whole or in part of the respective items. * * * Taxes so levied shall be collected as other taxes and shall be paid monthly to the treasurer of the county board of education in as nearly equal amounts as possible, beginning on or before the tenth of October of each year and continuing up to and including June; provided that taxes levied and collected for permanent improvements and repairs or special purposes may be required to be paid oftener, upon the order of the president or secretary of the county board of education to the board of county commissioners. All taxes received by the county board of education shall be expended by them in accordance with the items of their annual budget."

On the 6th of March, 1917, more than twenty days before the usual date for levying county taxes in Prince George's County, the Board of Education of Prince George's County submitted in writing to the County Commissioners of Prince George's County what purported to be an itemized and detailed school budget, prepared "subject to the rules and regulations of the State Board of Education and on and with the advice of the county superintendent," "showing the amount of money needed for permanent improvements and repairs, and for current repairs, furniture in old buildings, maintenance and support of the schools during the succeeding school year; also the estimated total amount that will be received from the State, which shall be used for paying teachers' salaries and purchasing text-books, materials of instruction and school supplies; and finally the amount that will be needed to be raised by local taxation," as follows:

## "ITEMS OF BUDGET.

|  | 1916. | 1917. |
|---|---|---|
| Rent. . , . . . . . . . . . . . . . . . . | $250.00 | $275.00 |
| Fuel. . . . . . . . . . . . . . . . . . | 6,500.00 | 7,500.00 |
| Apparatus and furniture. . . . | 3,000.00 | 3,000.00 |
| Sanitary expenses. . . . . . . . . | 1,500.00 | 1,500.00 |
| Incidentals (including janitors' salaries). . . . . . . . . . . . . . | 7,000.00 | 7,500.00 |
| Domestic science and manual training. . . . . . . . . . . . . . | 700.00 | 700.00 |
| Office expenses. . . . . . . . . . . | 800.00 | 600.00 |
| Rally Day expenses. . . . . . . . | 200.00 | 200.00 |
| Diplomas. . . . . . . . . . . . . . | 50.00 | 65.00 |
| Printing and advertising. . . . | 300.00 | 300.00 |
| Interest on School Bonds. . . . | 4,235.00 | 4,235.00 |
| Sinking funds. . . . . . . . . . . . | 2,138.65 | 2,138.65 |
| Teachers' Association Meetings. . . . . . . . . . . . . . . . . | 40.00 | 25.00 |
| Expenses of Institute. . . . . . . | 500.00 | 400.00 |
| School supplies. . . . . . . . . . | 300.00 | 250.00 |
| Repairs to old buildings. . . . . | 8,175.00 | 5,000.00 |
| Transportation of pupils. . . . | . . . . . . . . | 3,950.00 |
| Cost of 3 new buses, freight, etc. . . . . . . . . . . . . . . . . . . | . . . . . . . . | 750.00 |
| Materials for instruction, text books, etc. . . . . . . . . . . . . | 4,922.12 | 7,300.00 |
| Colored Industrial Fund. . . . | 1,500.00 | 1,500.00 |
| Contingent Fund. . . . . . . . . . | 1,000.00 | 2,000.00 |
| Salaries. . . . . . . . . . . . . . . | 106,550.00 | 117,970.00 |
| Total. . . . . . . . . . . . . . . . . | $149,660.77 | $167,158.65 |

Estimated total amount that will be received from the State, 1917:

State School Tax. . . . . . . . . $40,084.00

Definite State appropriations as follows:

Acct. of Supt's salary. . . . .  1,100.00

Acct. of Primary Grade Supervisor's salary. . . . . . . .  600.00

Acct. of Attendance Officer's
  salary. . . . . . . . . . . . . . . .        500.00
Acct. of text books, etc. . . .     7,300.00
Acct. Accred. High Schools.      8,000.00
Acct. Col. Industrial Fund.      1,500.00
                                 _____
  Total. . . . . . . . . . . . . . . . . . $59,084.00
                                               59,084.00
                                             _____

Balance to be raised by local taxation. . . . $108,074.65
Permanent Improvements, Repairs:
  Sewerage 3 schools in Laurel
    necessary according to law. . . $800.00
  Purchase Public School Lot for
    Surrattsville High School. . . .    500.00
New Schools:
  Beltsville, 1-1 . . . . . . .$1,000.00
  Camp Springs, 2-6 . . .    600.00
  Lakeland, (c) 3-1 . . . .    600.00
  Bowie, (c) 1-14 . . . . .    600.00
  T. B., (c) 1-9 . . . . . .    600.00
                           ————————3,400.00
Interest and Sinking Fund on
  bond issue for consolidated
  school, Queen District, $20,-
  000. . . . . . . . . . . . . . . . . . . . . 1,500.00
Interest and Sinking Fund on
  bond issue, Riverside School,
  $20,000. . . . . . . . . . . . . . . . . . 1,500.00
                                 ————————      7,700.00
                                             _____

Total to be raised by local taxation, in-
  cluding Permanent Improvements. . . .   $115,774.65"

Accompanying the budget was the following request of the
Board of Education of the county: "We, therefore, request
that the sum of one hundred and eight thousand and seventy-
four dollars and sixty-five cents ($108,074.65), be levied
and collected upon the assessable property of Prince George's

County for *current repairs, furniture in old buildings, maintenance and support of schools, for the succeeding school year; and in addition thereto, we request for permanent improvements and repairs the sum of seven thousand seven hundred dollars ($7,700.00).*"

After receiving the budget, the County Commissioners asked for further details in regard to the item in said budget of "Salaries, * * * $117,970.00," which were accordingly furnished by the Board of Education.

Thereafter the Board of Education was informed "informally" that the County Commissioners had determined to levy about $90,000 for "school purposes in general without indicating for what specific items such amount was to be spent," and thereupon the Board of Education wrote the County Commissioners a letter, which was received before the levy was made and which contained the following request:

> "In case you decide to cut the budget to $90,000.00, to indicate in writing as required by the Act of Assembly, the items upon which the county board of education is restricted and the reasons therefor in order that the county board of education will be enabled to spend the money which you may give them, as otherwise, until this is done, it will be unable to spend any of it."

On the 26th of March, 1917, the County Commissioners of Prince George's County made the levy for the year 1917, which contained only the following items for school purposes:

> "This sum to carry on public schools for the scholastic year beginning September, 1917, and ending June, 1918, and to pay interest on High School Bonds and other school bonds, and to create a sinking fund for the redemption of High School Bonds and other school bonds at maturity and repair of schools, 51 cents on the one hundred dollars........$94,667.80.

New Public Schools:
    For school, Beltsville.....$1,000.00
    For school, Camp Springs.    600.00
    For school, Lakeland (Col.).    600.00
    For school, Bowie (Col.)..    600.00
    For school, T. B. (Col.)...    600.00
                                 ———————    3,400.00."


Thereafter the Board of Education received from the Clerk of the County Commissioners the following letter:

"To the Board of Education for
    Prince George's County, Md.
Gentlemen:
    I am instructed by the County Commissioners of Prince George's County to advise you that they do not feel called upon to comply with your request, that they give you in writing their reasons for making the appropriation for county schools for the current scholastic year the sum of $94,667.80.
            Test:
                            Henry St. J. L. Briscoe
    (Seal)                                    Clerk."


On the 10th of April, 1917, the Board of Education of Prince George's County filed in the Circuit Court for that county a petition against the County Commissioners of Prince George's County setting out in greater detail the matters we have already stated and others and praying that a writ of mandamus be issued directed to the County Commissioners of Prince George's County, and "commanding them to indicate in writing what item or items of the budget of the petitioner have been denied in whole or in part, and the reasons for the denial in whole or in part of the respective items." The County Commissioners answered the petition admitting all of the essential facts set out therein but denying the petitioner's right to the writ prayed for. The petitioner demurred to the answer, and this appeal is by the Board of Education of Prince George's County from the order of the

Court below overruling its demurrer and dismissing its petition.

The theory upon which the prayer for the writ was resisted and the writ was denied is that the budget presented by the Board of Education is not an itemized and detailed school budget within the meaning of the law, and it is further contended by the appellee in this Court that section 26 of Chapter 506 of the Acts of 1916 "gives a discretion" to the County Commissioners "and at the same time seeks to control it."

The terms of the Act are explicit and there can be no serious doubt as to its purpose or meaning. What the law in terms requires of the "county of education" is that it shall prepare, "subject to the rules and regulations of the State Board of Education and on and with the advice of the county superintendent," an *itemized* and *detailed* school budget, showing the amount of money needed for permanent improvements and repairs, and for current repairs, furniture for old buildings and maintenance and support of the schools during the succeeding school year, and also the estimated total amount that will be received from the State, and the amount "that will be needed to be raised by local taxation." Now, it is quite clear, that the terms "itemized and detailed" do not mean that the budget is to show only the *total* amount needed for permanent improvements and repairs, the *total* amount for current repairs, the *total* amount for furniture for old buildings and the *total* amount needed for maintenance and support of the schools, during the succeeding school year. In the *Imperial Dictionary* a "detail" is said to be "an individual part; an item; a portion; a particular," and "detailed" is said to mean "exact; minute; particular." The same author gives as the meaning of the word "item," "an article; a separate particular in an account; as, the account consists of many items." In the *Century Dictionary and Cyclopaedia,* a "detail" is defined as "an individual part; an item; a particular; as, the account is accurate in all its details," and the following definition is given of the

word "item," "an article; a separate particular; a single detail of any kind; as, the account consists of many *items.*" The statute requires the county board of education to expend the taxes received by it in accordance with the *items* of their budget, and provides that if the total amount requested for any one year by the County Board of Education to be raised by local taxation exceeds 40 cents on each one hundred dollars of the assessable property in the county, and such additional tax is not approved and sanctioned by the Board of County Comissioners, the County Commissioners shall indicate in writing what *item* or *items* of the annual budget "have been denied in whole or part, and the reasons for the denial in whole or in part of the respective items." Without attempting to go over all of the items of the budget presented to the County Commissioners by the petitioner in this case, it is apparent we think that some of the items are not in accordance with the requirements of the statute. For instance, the item "Incidentals (including janitors' salaries), * * * $7,500.00," and the item "Repairs to Old Buildings, * * * $5,000.00." These items certainly can not be said to contain a *detailed* statement of the particulars that go to make up the total amounts of the items, and we concur in the conclusion of the learned Court below that the budget furnished by the petitioner was not a compliance with the terms of the law.

But in our view that is not the controlling feature of this case. The County Commissioners did not require further details of any of the items set out in the budget except that relating to salaries, but acted upon the budget, as modified by further details in regard to salaries, and levied amounts, aggregating the sum of $94,267.80, which, while they were in excess of 40 cents on each one hundred dollars of assessable property, were less than the sum asked for in the budget. Having declined to approve and sanction the amount asked for by the Board of Education, it became encumbent upon the County Commissioners, under the expressed terms of the statute, to indicate in writing what items of the budget were denied in whole or in part and their reasons for such denial.

and such statement on the part of the County Commissioners is made necessary for the reason that the Board of Education is required by the statute to expend all taxes received by it in accordance with the items of their budget.

The statute leaves to the discretion of the County Commissioners the allowance of the amount asked for in excess of 40 cents on each one hundred dollars of assessable property in the county, and that discretion can not be controlled by the courts.  But the law imposes upon them the *ministerial duty*, when they do not allow the amount asked for in the budget in excess of 40 cents on each one hundred dollars of assessable property, of indicating in writing what items of the budget are denied and their reasons for such denial.  This provision can hardly be said to be directory only.  It was designed, not only to guard against an arbitrary refusal of the County Commissioners to levy the amount deemed necessary by the Board of Education for public school purposes, but also to advise the County Board of Education of the items to which it is required to limit the expenditure of the school tax.  *Worcester Co.* v. *School Comr's.,* 113 Md. 305 and *Foote* v. *Harrington,* 129 Md. 123.

We think for the reasons stated that the petitioner was entitled to the writ prayed for, and we must accordingly reverse the order of the Court below.

*Order reversed, with costs, and case remanded in order that a writ may issue as prayed.*